571 A.2d 1108

**Gerleana CALLAHAN, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BETHLEHEM STEEL CORP.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 2, 1990.

Decided March 15, 1990.

48

James L. Goldsmith, Caldwell & Kearns, Harrisburg, for petitioner.

Paul J. Dellasega, with him, Joseph P. Hafer, Thomas & Thomas, Harrisburg, for respondents.

Before PALLADINO and SMITH, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Gerleana Callahan (Claimant) seeks review of the order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision granting Bethlehem Steel Corporation's (Employer's) petition to terminate Claimant's benefits as of April 7, 1986 pursuant to The Pennsylvania Workmen's Compensation Act[1] (Act). On review, Claimant raises the issue of whether substantial competent evidence supports the referee's findings that her disability ceased and that work was available to her within her capabilities while Employer requests imposition of costs and counsel fees against Claimant under Pennsylvania Rules of Appel-

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

late Procedure 2741(2) and 2744(1).[2] We affirm the Board's order and deny Employer's request for costs and counsel fees.

Claimant suffered a work-related low back injury on November 8, 1985 for which she received benefits pursuant to a Notice of Compensation Payable. In August 1986, Employer filed the instant termination petition, alleging that Claimant's work-related disability ceased as of April 7, 1986.[3]

In proceedings before the referee, Employer presented, *inter alia*, the medical testimony of Dr. Thomas H. Malin who examined Claimant on several occasions and reviewed her medical studies. On direct examination, Dr. Malin testified as follows:

Q Did you then see her in follow-up, Doctor, after you obtained the results of those studies?

A Yes. I saw her then on April the 1st [1986] ... And at that time I informed her that I could not no [sic] longer say that she was totally disabled or disabled for her occupation ...

. . . .

Q Doctor, I show you a letter under date of April 2, 1986, ...

. . . .

Q Attached to it, Doctor, is also a document labeled Employee Medical Report of Orthopedic Treatment ... What specifically is that, Doctor?

A. This is an answer to the multiple inquiries that we get from an employer in trying to keep the employer

2. Pa.R.A.P. 2741(2) provides for the imposition of costs against an appellant where an order is affirmed while Pa.R.A.P. 2744(1) vests an appellate court with discretion to award reasonable counsel fees should the court determine that an appeal is frivolous.

3. An employer seeking to terminate benefits must establish that all of the claimant's disability stemming from the work-related injury has ceased. *Rite Aid Corp. v. Workmen's Compensation Appeal Board (Bupp)*, 112 Pa.Commonwealth Ct. 548, 535 A.2d 763 (1988).

informed of the work status of individuals whom we see.... And at that time I indicated ... that I was releasing her [Claimant] to *full* work and that this was my final release ...

. . . .

Q  ... At the time you discharged Ms. Callahan in April of 1986 did you arrive at any conclusions, Doctor, to a reasonable degree of medical certainty as to whether or not from an orthopedic standpoint Ms. Callahan had recovered from her injury ...

A  It was my impression that she had recovered.

. . . .

Q.  Doctor, what is the basis of your opinion that Ms. Callahan had recovered?

A.  The basis of my opinion is the lack of physical findings and the normality of her tests and examination that from an orthopedic and medical point of view does not substantiate continued disability.

Dr. Malin's November 10, 1986 Deposition, pp. 9–10, 17–18 (emphasis added); *see also* Findings of Fact Nos. 1–6.

At the close of the proceedings, the referee accepted Dr. Malin's testimony as convincing and concluded that Claimant's work-related disability ceased as of April 7, 1986. Referee's Decision, Discussion of Findings and Conclusions, p. 4; Conclusion of Law No. 2; Referee's Order. On appeal taken by Claimant, the Board affirmed the referee's decision, finding substantial competent evidence upon which the referee could rely to support his findings and conclusions. Claimant now seeks our review.[4]

Claimant initially contends that the referee's decision to terminate her benefits should be reversed. In support,

4. Our scope of review, where, as here, both parties presented evidence, is limited to determining whether the findings were unsupported by substantial evidence, an error of law was committed or Claimant's constitutional rights were violated. *Williams v. Workmen's Compensation Appeal Board (Montgomery Ward)*, 127 Pa.Commonwealth Ct. 587, 592 n. 4, 562 A.2d 437, 439 n. 4 (1989).

Claimant first asserts that other medical testimony presented by Employer, specifically that of Dr. Bernard I. Zeliger,[5] contradicts Dr. Malin's testimony that she was fully recovered as of April 7, 1986 and, second, that Dr. Malin did not pronounce Claimant to be fully recovered in his report of April 7, 1986.[6]

■ Regarding Claimant's first assertion, Dr. Zeliger's conclusion that Claimant was fully recovered as of July 1986,[7] rather than April 1986 as found by Dr. Malin, does not render Dr. Malin's testimony insufficient to support the referee's decision so as to warrant reversal. It goes without saying that determinations as to the weight and credibility of conflicting medical testimony are solely for the referee as factfinder. *Hulse v. Workmen's Compensation Appeal Board (Louis Fiegleman & Co.)*, 71 Pa.Commonwealth Ct. 28, 453 A.2d 1081 (1983). Accordingly, the referee may accept some, none or all of any medical witness' testimony. *Id.* If the referee's findings in this regard are supported by substantial competent evidence, as here, we are precluded from disturbing them, notwithstanding evidence to the contrary or the fact that we might have resolved the conflict differently. *Grabish v. Workmen's Compensation Appeal Board (Trueform Foundations, Inc.)*, 70 Pa.Commonwealth Ct. 542, 453 A.2d 710 (1982).

■ Similarly, we find Claimant's second assertion unpersuasive. Although Dr. Malin's reports, dated April 1, 1986 and April 2, 1986, do not specifically state that Claimant was "fully recovered", both reports clearly indicate that Dr. Malin discharged Claimant from his care and released her to return to work without restrictions as of April 7, 1986

5. Dr. Zeliger did not examine Claimant until *April 11, 1986.* Dr. Zeliger's December 5, 1986 Deposition, p. 5; Finding of Fact No. 9. Therefore, Dr. Zeliger's testimony could not serve as a basis for the referee's termination of Claimant's benefits as of April 7, 1986.

6. The record certified to this Court does not contain a report by Dr. Malin dated April 7, 1986, but does include reports dated April 1, 1986 and April 2, 1986.

7. Dr. Zeliger's December 5, 1986 Deposition, pp. 25–26; Finding of Fact No. 15.

52

since her work-related low back injury was resolved. Such language is, without a doubt, synonymous with full recovery. A medical opinion unequivocally rendered, as here, is sufficient without resort to magic words. *Williams v. Workmen's Compensation Appeal Board (Montgomery Ward)*, 127 Pa.Commonwealth Ct. 587, 562 A.2d 437 (1989).[8]

■ Because the referee's determination that Claimant's disability ceased as of April 7, 1986 is supported by substantial competent evidence, we need not address the remaining issue of work availability. Where an employer sufficiently establishes that a claimant's work-related disability has ceased, the employer need not demonstrate that work was available to the claimant within her capabilities. *Hulse; Contrast Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987).

■ Regarding Employer's request for costs and counsel fees pursuant to Pennsylvania Rules of Appellate Procedure 2741(2) and 2744(1), we have previously stated that:

> The Workmen's Compensation Act is remedial legislation and must be liberally construed to accomplish its humanitarian purposes. Borderline interpretations must be resolved in favor of those it was intended to benefit, the employees.... Section 440 [of the Act, 77 P.S. § 996,] benefits the employee by affording Claimants the ability to receive costs, including attorneys' fees in the event an employer pursues an unreasonable appeal. To allow the reverse would inhibit the employee from pursuing an administrative action in his own behalf for fear he would be assessed heavy costs if he lost. Such a result was neither intended nor implied in this remedial statute.... We do not deny that employees, as well as employers, are

**8.** We further note that a medical opinion as to a claimant's ability to return to work without restrictions is not rendered incompetent by an acknowledgment that the claimant may actually suffer pain if the opinion is supported by unequivocal medical findings as here. *Williams.*

capable of bringing frivolous appeals; however, the statute's purpose is clearly to further the interests of claimants....

Absent a specific provision in the Act assessing costs to an employer when a claim was pursued in bad faith, ... neither the workmen's compensation authorities, nor this Court is authorized to review workmen's compensation claims to determine if the claimant pursued the action in bad faith and, if so, to impose attorneys' fees and costs on the claimant.

*United States Steel Corp. v. Workmen's Compensation Appeal Board (Mehalovich)*, 72 Pa.Commonwealth Ct. 481, 485–87, 457 A.2d 155, 157–58 (1983). Likewise, in *Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board (Pollard)*, 84 Pa.Commonwealth Ct. 579, 581–82, 482 A.2d 673, 674 (1980) (footnote added), we denied the employer's request for an order taxing the claimant for fees and costs pursuant to Pennsylvania Rules of Appellate Procedure 2741–2771, again stating that "when the costs provision of the Act designates the awarding of costs in contested cases to successful claimants only and not to successful insurers [9], for this Court to award costs otherwise would be to thwart the declared purposes of the Act." [10]

For the foregoing reasons, we affirm the order of the Board and deny Employer's request for costs and counsel fees.

**9.** Employers are no more entitled to the award of costs and counsel fees than are insurers. *United States Steel Corp.*

**10.** Employer's reliance upon *Patel v. Workmen's Compensation Appeal Board (Sauquoit Fibers Co.)*, 103 Pa.Commonwealth Ct. 290, 520 A.2d 525 (1987), is misplaced. Therein, costs were imposed against the claimant pursuant to Pa.R.A.P. 2741(2) for *patent abuse of the appellate process* and not simply on the basis of one frivolous petition for review. The holding in *Patel* is an extremely narrow one and is limited to the particular facts of that case. Inasmuch as the circumstances in *Patel* significantly differ from those here, we decline to extend its rationale and ruling to the instant case. Moreover, we would not apply *Patel* here even if it could be construed to govern frivolous petitions for review since Claimant's petition is not frivolous. Dr. Malin's testimony, although sufficient to support the referee's findings and conclusions under our limited scope of review, is not so clear so as to make Claimant's petition frivolous.

## ORDER

AND NOW, this 15th day of March, 1990, the order of the Workmen's Compensation Appeal Board is affirmed and Bethlehem Steel Corporation's request for costs and counsel fees pursuant to Pennsylvania Rules of Appellate Procedure 2741(2) and 2744(1) is denied.