IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Danette Sutter,                              :
                    Petitioner              :
                                            :    No.  1364 C.D. 2019
               v.                           :
                                            :    Submitted:  June 12, 2020
Workers' Compensation Appeal                :
Board (Kelly Services, Inc.),               :
                    Respondent              :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED:  August 12, 2020


          Danette Sutter (Claimant) petitions for review from the August 15, 2019
order of the Workers' Compensation Appeal Board (Board), which affirmed the
decision of the Workers' Compensation Judge (WCJ) to deny Claimant's various
petitions challenging the earlier resolution of her claim petition.  Kelly Services, Inc.
(Employer) asks this Court not only to affirm the Board's order, but also to award it
counsel fees due to Claimant's advancement of what Employer believes is a frivolous
appeal.  We affirm the Board's order, but decline to award counsel fees to Employer.

          Claimant filed a claim petition on May 31, 2016, alleging that she suffered
a lower back injury while ascending a flight of stairs at work on March 14, 2016.
(WCJ's Finding of Fact (FOF) No. 1.)  Although Employer initially denied the material
allegations, the parties ultimately entered into a Compromise and Release (C&R)

agreement, through which Employer agreed to pay Claimant a sum of $7,500.00 in exchange for her release of all claims arising from the injury, as well as a second alleged injury that occurred on August 26, 2016. The C&R agreement "resolved the Claimant's rights to any and all past, present and future workers' compensation indemnity/wage loss benefits, and any and all past, present and future medical benefits related to any and all injuries that she may have sustained" while working for Employer. (WCJ's FOF No. 2.) Following a hearing on October 25, 2016, at which Claimant was represented by counsel, the WCJ was satisfied that Claimant understood the legal consequences of the C&R agreement and had entered into it voluntarily. The WCJ approved the C&R agreement on October 25, 2018. (WCJ's FOF No. 3.)

Claimant later became dissatisfied with the terms of the C&R agreement. On January 4, 2018, Claimant, proceeding *pro se*, filed a petition seeking to have the C&R agreement set aside. The WCJ held a hearing on Claimant's petition on February 13, 2018, at which Claimant testified that, at the time of the C&R agreement, she did not believe that any further treatment for her injury would be necessary, but she subsequently learned that she required surgery. (WCJ's FOF Nos. 5-6.) Claimant sought to introduce her medical records into evidence, but the WCJ did not admit them, citing hearsay and relevance concerns. (WCJ's FOF No. 7.) Employer, for its part, emphasized that the WCJ had approved the C&R agreement, that Claimant testified that she understood its terms and legal effect, and that Claimant acknowledged in her testimony that she would be responsible for any future medical expenses relating to the injuries. (WCJ's FOF Nos. 8-9.)

The WCJ observed that a claimant seeking to set aside a C&R agreement must demonstrate that the agreement was based upon fraud, misrepresentation, concealment, or a mutual mistake of fact. (WCJ's FOF No. 12.) Claimant failed to

2

establish any such grounds for relief. The C&R agreement, the WCJ related, was clear and unambiguous, and Claimant expressly and credibly testified that she understood that it foreclosed any future claims, and that any future medical expenses would be her responsibility, even if her condition worsened or unforeseen treatment would be required. (*Id.*) The WCJ found that Claimant produced no evidence that her understanding of these consequences was a result of any mistake of fact or fraud on the part of Employer. Accordingly, the WCJ denied Claimant's request to set aside the C&R agreement. Although Employer asked the WCJ to conclude that the litigation was frivolous, the WCJ declined, noting that Claimant had proceeded *pro se*, and that imposing sanctions upon her would not comport with the "humanitarian objectives" of the Workers' Compensation Act (Act).[1] (WCJ's FOF No. 14.)

On Claimant's *pro se* appeal of the WCJ's decision, the Board affirmed, similarly emphasizing the plain language of the C&R agreement and Claimant's testimony that she understood and agreed to its terms. Claimant challenged the WCJ's refusal to admit her medical records, but the Board agreed with the WCJ that the dispositive inquiry was a legal one, *i.e.*, the effect of the C&R agreement, rather than a question of medical necessity. Because the C&R agreement was clear and unambiguous, and because Claimant produced no evidence that would allow it to be set aside, the Board affirmed the decision of the WCJ. Claimant sought review in this Court.[2]

---

[1] Act of June 2, 1915, P.L. 736, No. 338, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

[2] "Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated." *Murphy v. Workers' Compensation Appeal Board (Ace Check Cashing Inc.)*, 110 A.3d 227, 233 n.6 (Pa. Cmwlth. 2015) (quoting *Gumm v. Workers' Compensation Appeal Board (Steel)*, 942 A.2d 222, 227 n.5 (Pa. Cmwlth. 2008)) (internal quotation marks omitted).

Claimant generally asserts that, at the time that she entered into the C&R agreement, she lacked sufficient information and was not aware that future treatment would be required. Beyond this conclusory assertion, however, Claimant presents no substantive argument to this Court. Indeed, Claimant's brief contains no "Argument" section as required by Pa.R.A.P. 2119, and instead relates her grievance only in the "Summary of Argument" section. Although a *pro se* litigant such as Claimant may be forgiven her failure to observe such formalities, we nonetheless must insist upon some degree of development of a legal argument. "While pleadings filed by *pro se* litigants are to be construed liberally, a *pro se* litigant is not to be given any particular advantage because of his lack of knowledge of the law." *Mueller v. Pennsylvania State Police Headquarters*, 532 A.2d 900, 902 (Pa. Cmwlth. 1987). "In short, an uncounseled litigant cannot expect the court to act as his attorney." *Young v. Estate of Young*, 138 A.3d 78, 87 (Pa. Cmwlth. 2016) (citing *Smathers v. Smathers*, 670 A.2d 1159 (Pa. Super. 1996)). Claimant has not supported her claim with citation to the record or to any legal authority. She neither confronts the governing standard for setting aside a C&R agreement nor offers any argument that the facts satisfy that standard.

Even if Claimant had properly developed her claim, we would still conclude that she is not entitled to relief. "Courts may rescind a compromise and release agreement based on a clear showing of fraud, deception, duress, or mutual mistake." *Hoang v. Workers' Compensation Appeal Board (Howmet Aluminum Casting, Inc.)*, 51 A.3d 905, 908 (Pa. Cmwlth. 2012) (citing *North Penn Sanitation, Inc. v. Workers' Compensation Appeal Board (Dillard)*, 850 A.2d 795, 799 (Pa. Cmwlth. 2004)). The burden to make this showing rests with the party seeking to set aside the agreement. *Id.* at 908-09. Here, Claimant relied upon her later discovery that additional treatment for her injury would be required, which she did not foresee at the

4

time that she entered into the C&R agreement.  But this is a far cry from demonstrating fraud, deception, duress, or mutual mistake of fact.  Indeed, although Claimant may not have anticipated the specific surgery that she would ultimately require in the future, the possibility that additional treatment could be necessary was expressly contemplated when the WCJ approved the C&R agreement.  At the hearing, Claimant's counsel asked her:

> Q:     By settling this case today, if it's approved, you'll never get access to your lost wage benefits or your medical benefits, now or in the future; do you understand that?
>
> A:     Yes.
>
> Q:     And that would be true even if your condition should change; do you understand that?
>
> A:     Yes.
>
> Q:     In other words, if your condition worsens, you can't come back and say to [Employer], I'd like to reopen my case?
>
> A:     Yes.

Notes of Testimony (N.T.), 10/25/2016, at 9. (Supplemental Reproduced Record (S.R.R.) at 9b.)  In short, although the C&R agreement may have turned out to be less than fully satisfactory in Claimant's view, this does not amount to a showing of fraud, deception, duress, or mutual mistake of fact.  Accordingly, we find no error in the WCJ's decision to deny Claimant's request to set aside the C&R agreement, nor in the Board's affirmance of that decision.

This does not, however, end our inquiry.  In addition to refuting Claimant's position on the merits, Employer asks this Court to award it counsel fees, asserting that it is entitled to such fees because Claimant's appeal is frivolous.

5

Employer opines that Claimant "is using public funds in an attempt to re-litigate her original [c]laim [p]etition that she settled" via the C&R agreement, and that Employer has expended time, money, and resources to defend against Claimant's appeals to the Board and to this Court. (Employer's Br. at 15-16.) In support, Employer cites *Smith v. Workers' Compensation Appeal Board (Consolidated Freightways, Inc.)*, 111 A.3d 235 (Pa. Cmwlth. 2015) (*per curiam*).

Before addressing *Smith*, however, it is worthwhile to review our Supreme Court's decision in *Phillips v. Workmen's Compensation Appeal Board (Century Steel)*, 721 A.2d 1091 (Pa. 1999), which *Smith* distinguished. *Phillips* addressed the question of whether Section 440 of the Act, 77 P.S. §996,[3] allows the award of counsel fees to an employer upon a finding that a claimant's appeal was frivolous. Because the Act provides only for an award of counsel fees to a *claimant* where an employer contests its liability without "a reasonable basis for the contest," 77 P.S. §996(a), the *Phillips* Court found no basis upon which to award counsel fees to an *employer*. Rather, the "clear intent of Section 440 of the Act is to protect claimants from the costs of litigation, but not to provide comparable protection for employers." *Phillips*, 721 A.2d at 1094.

The employer in *Phillips* also invoked Pennsylvania Rule of Appellate Procedure 2744, which provides that an appellate court may award attorneys' fees "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Pa.R.A.P. 2744. Although the *Phillips* Court declined to assess counsel fees under Rule 2744, it assessed the possibility through a comparison between two of this Court's earlier cases, *Patel v. Workmen's Compensation Appeal Board (Saquoit*

---

[3] Act of June 2, 1915, P.L. 736, *as amended,* added by section 3 of the Act of February 8, 1972, P.L. 25.

*FPbers Company)*, 520 A.2d 525 (Pa. Cmwlth. 1987), and *Callahan v. Workmen's Compensation Appeal Board (Bethlehem Steel Corp.)*, 571 A.2d 1108 (Pa. Cmwlth. 1990). In *Patel*, this Court concluded that a claimant's appeal—his third appeal on a claim already twice rejected—was frivolous, and awarded costs to the employer under Pa.R.A.P. 2741.[4] In *dicta*, the *Patel* Court also cited Rule 2744 and suggested that an award of counsel fees to the employer also would be appropriate due to the claimant's abuse of the legal process, but the Court declined to award such fees *sua sponte*. *Patel*, 520 A.2d at 526. In *Callahan*, however, this Court cabined *Patel*, noted that its discussion was premised upon a "patent abuse of the appellate process and not simply on the basis of one frivolous petition for review," and stated that the "holding in *Patel* is an extremely narrow one and is limited to the particular facts of that case." *Callahan*, 571 A.2d at 1111 n.10. Adverting to the Act's remedial nature, its humanitarian objectives, and the rule of liberal construction, the *Callahan* Court declined to award counsel fees to the employer. *Id.* at 1111-12.

After comparing *Patel* and *Callahan*, our Supreme Court in *Phillips* declared that it found *Callahan* persuasive. *Phillips*, 721 A.2d at 1094. The *Phillips* Court further cited a decision of this Court for the proposition that "[t]here is no basis in *Patel* which could provide support for the assessment of counsel fees [against a claimant] by a compensation referee, *nor under either* Pa.R.A.P. 2744(1) or the Judicial Code, 42 Pa.C.S. §2503.7, also relied upon by the [e]mployer." *Phillips*, 721 A.2d at 1094 (quoting *Warner Lambert Company, Inc. v. Workmen's Compensation Appeal Board (Brown)*, 575 A.2d 956, 960 (Pa. Cmwlth. 1990)) (emphasis added). Accordingly, finding no authorization in the Act, and signaling its preference for

---

[4] *See* Pa.R.A.P. 2741(2) ("If an order is affirmed, costs shall be taxed against the appellant unless otherwise ordered.").

*Callahan* over *Patel*, the *Phillips* Court concluded that "the Commonwealth Court was not authorized to award attorneys' fees" to the employer. *Id.*

In the instant case, however, Employer points to this Court's *per curiam* decision in *Smith*. The claimant in *Smith* had filed over 15 claim petitions regarding the same injury, and again attempted to litigate the same claim that had been rejected repeatedly for over a decade, and already had been deemed barred by *res judicata* and collateral estoppel. *Smith*, 111 A.3d at 236. The case had been before this Court five times. *Id.* Quoting from our earlier rejection of the claimant's same frivolous appeal, this Court noted that "[p]ublic funds have been extensively expended as [the c]laimant repeatedly attempts to re-litigate a case that was decided many years ago. Moreover, [the c]laimant's actions are, at the very least, unfair and unduly burdensome to [the e]mployer, who has been forced to defend against each of these unreasonable petitions." *Id.* Turning our attention to the Supreme Court's decision in *Phillips*, this Court acknowledged its holding that "awarding attorney's fees to employers would thwart the declared intent of the Act, which is to give claimants the opportunity to receive attorney's fees in the event of an unreasonable contest by the opposing party." *Id.* at 238 (discussing *Phillips*). However, we noted that *Phillips* distinguished but did not overrule this Court's decision in *Patel*, and, thus, although counsel fees may not be awarded to an employer under the Act itself, we concluded that "our Supreme Court left open the ability of the appellate courts to impose sanctions under Pa.R.A.P. 2744 in cases such as the one at bar. Otherwise, there is no way for our courts to curb the sort of flagrant abuse of the system engaged in here." *Id.* Accordingly, this Court imposed costs and counsel fees under Rule 2744, "jointly and severally, against Smith and his appellate counsel for obdurate and vexatious prosecution of a frivolous appeal." *Id.*

8

Contrary to Employer's characterization, Claimant's appeal in the instant case is nothing like the *Smith* claimant's obdurate and vexatious conduct. The instant appeal reflects Claimant's first and only attempt to have the C&R agreement set aside. This is plainly distinct from the *Smith* claimant's years-long campaign to repeatedly re-litigate frivolous appeals. As this Court stated in *Callahan*, such sanctions may be available in rare cases such as *Patel*, where there has been a "patent abuse of the appellate process," but not "simply on the basis of one frivolous petition for review." *Callahan*, 571 A.2d at 1111 n.10. Moreover, unlike the *Smith* claimant, Claimant here has proceeded *pro se*, and she may not view the legal issue through the same lens as Employer's seasoned counsel. Indeed, the WCJ in this case cited Claimant's *pro se* status as a basis upon which to find that her claim was not frivolous. The WCJ stated: "Being that the petitions were file[d] *pro se*, and in deference to the humanitarian objectives of the Act, I do not find that the petitions were frivolous." (WCJ's FOF No. 14.) We find no basis to disturb the WCJ's finding on this matter, nor do we find any grounds upon which to conclude that Claimant's litigation strategy was "obdurate and vexatious" within the meaning of *Smith* and Pa.R.A.P. 2744. Accordingly, although Employer is correct that Claimant failed to establish any reason to set aside the C&R agreement, we conclude that there are no grounds upon which to assess counsel fees against Claimant.

We affirm the order of the Board.

_____
PATRICIA A. McCULLOUGH, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Danette Sutter,                          :
            Petitioner          :
                            :    No.  1364 C.D. 2019
                 v.               :
                            :
Workers' Compensation Appeal            :
Board (Kelly Services, Inc.),           :
             Respondent       :

## _ORDER_

AND NOW, this 12ᵗʰ day of August, 2020, the order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge