IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Mastrocola,                              :
                                                :
                          Petitioner            :
                                                :
            v.                                   : No. 1668 C.D. 2019
                                                 : Submitted: October 9, 2020
Workers' Compensation Appeal                    :
Board (Harvard Protection                       :
Services, LLC and Eastguard                     :
Insurance Company),                             :
                                                :
                          Respondents           :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  January 8, 2021


            Thomas Mastrocola (Claimant) petitions for review of the October 30,
2019 order of the Workers' Compensation Appeal Board (Board), which affirmed
the order of a workers' compensation judge (WCJ) granting the termination
petition filed by Harvard Protection Services, LLC (Employer).   On appeal,
Claimant argues that Employer's medical expert's opinion was incompetent
because he presented an incorrect summary of Claimant's medical history.  For the
following reasons, we affirm the Board's order.

            Claimant suffered a work injury on August 29, 2016, in the nature of a
right foot contusion and contusion of the toes.  WCJ's Findings of Fact Nos. 1, 2;
Reproduced Record (R.R.) at 421a.  On March 22, 2017, Employer filed a petition

to terminate Claimant's benefits as of February 23, 2017, based upon the opinion of Dr. Barry Ruht, who is board certified in orthopedic surgery. R.R. at 16a. Employer also filed a petition to suspend Claimant's benefits, asserting that it had offered Claimant a job within his restrictions that would not result in a loss of earnings, but that Claimant refused the job. R.R. at 23a. Claimant filed an answer to each petition denying the allegations. R.R. at 20a, 27a.

On May 19, 2017, Claimant filed a petition for review of his compensation benefits. R.R. at 30a. Claimant sought to amend the description of his work-related injury to include a Lisfranc injury to his right foot with material aggravation of the underlying degenerative arthritis. R.R. at 30a. Employer denied the allegations. R.R. at 34a. The petitions were consolidated for disposition by the WCJ.

In support of his review petition, Claimant appeared before the WCJ on May 26, 2017, and December 15, 2017. R.R. at 37a, 316a. Claimant testified that he was working as an armed security officer on August 29, 2016, when an employee in a powered wheelchair drove over his right foot. R.R. at 45a, 52a-53a. Claimant said he "felt a pop and the pain was excruciating." R.R. at 53a. Claimant sought medical treatment and continues to receive treatment for his right foot. R.R. at 54a-55a, 330a.

Claimant testified that he still experiences pain and swelling in his right foot. R.R. at 54a. He stated that the pain radiates from the middle of his right foot to the back of his toes down the right side of his foot to the base of his right ankle, and that his symptoms are aggravated by walking, standing, and sometimes sitting. R.R. at 58a. He also stated that he wears an orthotic sneaker and brace to alleviate the swelling caused by activity. R.R. at 56a-57a, 330a. Claimant testified

2

that he is less active than he was before the injury because the pain and swelling prevent him from exercising. R.R. at 60a, 324a. He explained that he would not be physically capable of performing his pre-injury job because every position requires standing or walking. R.R. at 61a.

Claimant also presented the deposition testimony of Michael A. Troiano, D.P.M., who specializes in reconstructive podiatric surgery. R.R. at 222a. Based on a physical examination, reviews of other medical reports, and the history provided by Claimant, Dr. Troiano diagnosed Claimant with a right foot deep bone contusion, Lisfranc sprain,[1] and aggravation of preexisting midfoot arthritis. R.R. at 226a, 256a. Dr. Troiano opined that the August 29, 2016 incident "worsened [Claimant's condition] dramatically." R.R. at 226a, 257a. Dr. Troiano stated that Claimant could not return to his full-duty job because of his limited mobility, but that he could work in a sedentary capacity. R.R. at 259a-60a.

In support of its petition, Employer presented the deposition testimony of Barry A. Ruht, M.D., who is board certified in orthopedic surgery and fellowship trained in foot and ankle surgery. R.R. at 81a. Dr. Ruht examined Claimant on February 23, 2017, which included taking Claimant's history, performing a detailed physical examination of Claimant's right foot, and reviewing

---

[1] Dr. Troiano explained that a Lisfranc sprain is "a twisting or a forceful dorsiflexion injury." R.R. at 257a. He further explained:

> The bridge of the foot is the keystone of the foot and is very, very important for the arch. Lisfranc's ligament is one of the tightest, strongest ligaments in the body basically connecting the medial cuneiform, which is the midfoot, to the forefoot, the second metatarsal. In today's day and age, we see these types of injuries in high velocity twisting, like, [a] football player cutting and getting tackled at the same time.

R.R. at 258a.

3

Claimant's previous medical records, including MRIs, orthopedic evaluations, and x-rays. *See* R.R. at 205a. Dr. Ruht noted that Claimant's treating podiatric physician, Dr. Daniel Perez, D.P.M., and Dr. Troiano diagnosed Claimant with a right foot contusion and midfoot arthritis both before and after the injury. R.R. at 104a.

Based on his review, Dr. Ruht opined, within a reasonable degree of medical certainty, that Claimant was fully recovered from his right foot contusion and that he was not experiencing ongoing symptoms. R.R. at 113a. Dr. Ruht also concluded that the work injury did not cause a Lisfranc sprain or aggravate Claimant's preexisting midfoot arthritis. R.R. at 113a-14a. Dr. Ruht opined that Claimant could return to his pre-injury job without restrictions. R.R. at 115a.

Based on the foregoing, the WCJ found that Claimant fully recovered from his work-related injury as of February 23, 2017, and that the description of his injury should not be amended to include additional injuries. In so holding, the WCJ found Dr. Ruht's testimony more credible and persuasive than the testimony of Dr. Troiano. The WCJ also concluded that the job offer made to Claimant was moot given that he had fully recovered by that time. Accordingly, the WCJ granted Employer's termination petition, terminated Claimant's benefits effective February 23, 2017, dismissed Employer's suspension petition as moot, and denied and dismissed Claimant's review petition.

Claimant appealed the WCJ's decision to the Board, arguing that Employer did not meet its burden of proving he had fully recovered from his work injury. In rejecting Claimant's assertion, the Board stated that "the WCJ summarized the evidence and testimony of all the witnesses and made the necessary credibility determinations. She explained the reasons for those

4

credibility determinations, and we were able to determine how her result was reached." Board Opinion at 8; R.R. at 443a. Accordingly, the Board affirmed the WCJ's decision and Claimant filed the instant petition for review.

On appeal to this Court,[2] Claimant argues that the Board erred in affirming the WCJ's decision because the WCJ relied on Dr. Ruht's medical opinion. More specifically, Claimant argues that Dr. Ruht incorrectly concluded that Claimant's diagnosis on August 2, 2016, *i.e.*, prior to the work injury, was identical to a diagnosis made on August 31, 2016, after the work injury. Claimant asserts that because Dr. Ruht's understanding of Claimant's medical history was erroneous, his opinion was insufficient to support Employer's burden. We disagree.

Initially, we note that Section 413(a) of Workers' Compensation Act (Act)[3] provides, in part, as follows:

> A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its workers' compensation judge, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed.

77 P.S. §772.

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Milner v. Workers' Compensation Appeal Board (Main Line Endoscopy Center)*, 995 A.2d 492, 495 n.2 (Pa. Cmwlth. 2010).

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

With respect to a termination petition where the claimant complains of continued pain, an employer meets its burden of proof when its medical expert "testifies that it is his opinion, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without restrictions and that there are no objective medical findings which either substantiate the claims of pain or connect them to the work injury." *Udvari v. Workmen's Compensation Appeal Board (USAir, Inc.)*, 705 A.2d 1290, 1293 (Pa. 1997). Further, "the failure of the employer's expert to employ these 'magic words' is not fatal to the employer's claim." *Id.* at 1293 n.3 (quoting *Callahan v. Workmen's Compensation Appeal Board (Bethlehem Steel Corp.)*, 571 A.2d 1108 (Pa. Cmwlth. 1990)). Instead, it is enough that the expert testified to releasing the claimant to work without restrictions because the work-related injury was resolved. *Id.*

As stated, Claimant argues that a medical opinion based on false information is insufficient to support a termination petition. Contrary to Claimant's assertion herein, Dr. Ruht's medical opinion was not based solely on his statement that Claimant was diagnosed with the same condition, *i.e.*, a right foot contusion and midfoot arthritis both before and after the injury. A medical opinion is not rendered incompetent unless it is based solely on inaccurate information. *American Contracting Enterprises, Inc. v. Workers' Compensation Appeal Board (Hurley)*, 789 A.2d 391, 396 (Pa. Cmwlth. 2001). It is well established that a medical expert's opinion must be viewed as a whole, "and that inaccurate information will not defeat that opinion unless it is dependent on those inaccuracies." *Id.*

The record reveals that Dr. Ruht reviewed Claimant's medical history, which included notes made by Dr. Perez on August 2, 2016, and by Dr. Troiano on

6

August 31, 2016. R.R. at 102a. After their respective examinations, both doctors diagnosed Claimant with a right foot contusion and midfoot arthritis. R.R. at 102a. However, these diagnoses did not form the sole basis of Dr. Ruht's conclusion that Claimant had fully recovered from his work injury as of February 23, 2017.

Dr. Ruht's medical opinion was based on his own physical examination of Claimant's right foot, Claimant's history of his own health, and his review of Claimant's previous medical records, MRIs, and orthopedic evaluations. R.R. at 87a, 90a, 97a. Dr. Ruht referenced the sources underlying his opinion and explained that, in his opinion, he believed Claimant had fully recovered. Further, in crediting this testimony, the WCJ determined that Dr. Ruht recognized similarities in Claimant's condition both before and after the work injury based on objective measures. WCJ's Findings of Fact No. 7; R.R. at 424a. As a result, Employer presented substantial competent evidence to meet its burden of proof to support the WCJ's decision granting the termination of Claimant's compensation benefits. The Board did not err in affirming that decision.

Accordingly, the Board's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Mastrocola,                          :
                                            :
                            Petitioner      :
                                            :
            v.                              :  No. 1668 C.D. 2019
                                            :
Workers' Compensation Appeal                :
Board (Harvard Protection                   :
Services, LLC and Eastguard                 :
Insurance Company),                         :
                                            :
                            Respondents     :

# **O R D E R**

AND NOW, this 8th day of January, 2021, the order of the Workers'
Compensation Appeal Board, dated October 30, 2019, is AFFIRMED.


                                    _____
                                    MICHAEL H. WOJCIK, Judge