IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Bernard,                              :
                  Petitioner      :
                               :
       v.                                      :  No. 886 C.D. 2023
                               :
City of Philadelphia (Workers'              :
Compensation Appeal Board),                 :
                  Respondent      :  Submitted:  July 5, 2024

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                      FILED:  August 13, 2024

Kevin Bernard (Claimant) petitions this Court for review of the July 17, 2023 order of the Workers' Compensation Appeal Board (Board) affirming the decision of a workers' compensation judge (WCJ), which granted the City of Philadelphia's (City) Petition to Modify Claimant's total disability benefits (Modification Petition) pursuant to the impairment rating evaluation (IRE) provisions in Section 306(a.3) of the Workers' Compensation Act (Act).[1]

Claimant argues on appeal that retroactive application of Act 111, which enacted the IRE provisions in Section 306(a.3), violates article I, section 11 of the

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Act of October 24, 2018, P.L. 714 No. 111 (Act 111), 77 P.S. § 511.3. A claimant who has received total disability benefits for 104 weeks must submit to an IRE conducted pursuant to the Sixth Edition (second printing April 2009) of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides), which calculates a claimant's degree of impairment due to the compensable injury.  If a claimant's whole-body impairment (WBI) rating is less than 35%, the claimant shall receive partial disability benefits pursuant to Section 306(b) of the Act.  Section 306(b) of the Act limits a claimant's receipt of partial disability benefits to 500 weeks.  77 P.S. § 512.

Pennsylvania Constitution,[2] commonly referred to as the Remedies Clause, and that the enactment of Act 111 constitutes an unlawful delegation of legislative authority. In addition, the City argues that Claimant's appeal is frivolous, as the issues he raises have been previously rejected by this Court, and the City requests an award of attorney's fees pursuant to Rule 2744 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2744 (Rule 2744).[3] After review, we affirm the Board but deny the City's request for attorney's fees.

## I. Background

The underlying facts in this matter are undisputed. Claimant sustained an injury to his left knee and face on November 11, 2010, during the course and scope of his employment with the City Police Department. The City issued an amended notice of compensation payable on March 2, 2020, which recognized injuries to Claimant's left knee, right hand, face, and teeth. Certified Record (C.R.), Item No. 11. On April 14, 2022, the City filed its Modification Petition alleging that Claimant's benefits should be modified from total to partial disability based on the results of a March 10, 2022 IRE performed by Michael Fischer, D.O. C.R., Item No. 2.

In support of its Modification Petition, the City presented Dr. Fischer's June 21, 2022 deposition testimony and the report derived from the March 10, 2022 IRE. After obtaining Claimant's medical history, reviewing his medical records, and

---

[2] Pa. Const., art. I, § 11. The Remedies Clause relevantly provides that "[a]ll courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay...."

[3] Rule 2744 permits an award of reasonable counsel fees following a determination that an appeal is frivolous, is taken solely for delay, or where the conduct of the party against whom costs are imposed is dilatory, obdurate, or vexatious.

performing a physical examination, Dr. Fischer concluded that Claimant had reached maximum medical improvement. C.R., Item No. 12. Utilizing the Sixth Edition, second printing, of the AMA Guides, Dr. Fischer assigned Claimant a WBI rating of 12%. *Id.*

In a November 15, 2022 decision, the WCJ credited Dr. Fischer's IRE report and testimony, noting that Claimant did not offer medical evidence or testimony in opposition to the City's Modification Petition. The WCJ found that Claimant reached maximum medical improvement and that, in accordance with the Sixth Edition, second printing, of the AMA Guides, Claimant had a WBI of 12%. Accordingly, the WCJ granted the City's Modification Petition. The WCJ acknowledged that Claimant challenged the constitutionality of Act 111, which the WCJ deemed "the law of this Commonwealth" until repealed or held unconstitutional by Pennsylvania courts. C.R., Item No. 4, Finding of Fact No. 7.

Claimant appealed to the Board, reiterating his constitutional challenge to Act 111 and arguing that Act 111 could not be applied to claims arising prior to its effective date of October 24, 2018. C.R., Item No. 5. The Board rejected Claimant's argument, citing *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169, 1180 (Pa. Cmwlth. 2021), in which this Court upheld Act 111's constitutionality and recognized that the credit provisions in Section 3 of Act 111 were "explicitly given retroactive effect by the clear language of the General Assembly." Therefore, the Board affirmed the WCJ. This appeal followed.[4]

---

[4] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, or whether necessary findings of fact are supported by substantial evidence. *City of Phila. v. Workers' Comp. Appeal Bd. (Sherlock)*, 934 A.2d 156, 159 n.5 (Pa. Cmwlth. 2007).

## II. Issues

Claimant argues on appeal that retroactive application of Act 111 to claims arising prior to Act 111's October 24, 2018 effective date violates the Remedies Clause in article I, section 11 of the Pennsylvania Constitution. Claimant also argues that Act 111 effects an unconstitutional delegation of legislative authority.

## III. Discussion

First, we address Claimant's argument that Act 111 violates the remedies clause in article I, section 11 of the Pennsylvania Constitution. Claimant argues that applying the IRE provisions in Act 111 to injuries he sustained prior to Act 111's effective date deprives Claimant of a "vested, constitutional right to wage loss benefits[.]" Claimant's Br. at 19. Although he recognizes that Section 3(1) and 3(2) of Act 111 explicitly give retroactive effect to the IRE provisions in Section 306(a.3) of the Act,[5] and grant Employer a credit for total disability payments made prior to Act 111's enactment on October 24, 2018, Claimant contends that the retroactive application of Act 111 unconstitutionally deprives him of his vested right to continued total disability benefits by granting the City credit for payments made prior to October 24, 2018.

Claimant does not deny that he received more than 104 weeks of total disability payments, and he acknowledges that Section 306(a.3)(1) of the Act

---

[5] Section 3(1) of Act 111 provides that, for purposes of calculating whether a claimant has received 104 weeks of total disability benefits and must submit to an IRE under Section 306(a.3) of the Act, an employer "**shall be given credit** for weeks of total disability compensation paid prior to" Act 111's effective date, which is October 24, 2018. 77 P.S. § 511.3, Historical and Statutory Notes (emphasis added). Section 3(2) of Act 111 provides that, for purposes of determining the total number of weeks of partial disability to which a claimant is entitled, an employer "**shall be given credit** for weeks of partial disability compensation paid prior to" Act 111's effective date. *Id.*

permits an IRE following a claimant's receipt of 104 weeks of total disability benefits. Regardless, Claimant maintains that only disability payments received after Act 111's enactment should be considered in determining the City's right to request an IRE. Claimant relies on *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020), in which this Court declined to give retroactive effect to an IRE conducted under former Section 306(a.2) of the Act.[6] Claimant argues that this Court, in *Rose Corporation*, "rejected any consideration that Act 111" could be applied retroactively.

We reject Claimant's argument, and his reliance on *Rose Corporation*, which concerned whether an IRE that predated the enactment of Act 111, but which otherwise complied with the requirements of Section 306(a.3) of the Act, could be relied upon to modify a claimant's disability status. *Rose Corp.*, 238 A.3d at 558-59. In analyzing this issue, we noted that Section 1926 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1926, provides that "[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly[,]" and that a statute must be given effect prospectively, in the absence of statutory language to the contrary. *Rose Corp.*, 238 A.3d at 559 (citing *Keystone Coal Mining Corp. v. Workmen's Comp. Appeal Bd. (Wolfe)*, 673 A.2d 418, 420 (Pa. Cmwlth. 1996)). Although "[t]he plain language of Section 3 [of Act 111] establishe[d] a mechanism by which employers/insurers may receive credit for weeks of compensation previously paid[,]" it "**did not** explicitly state or imply that an **IRE**" performed prior to "Act 111's enactment could be used to meet [its] requirements[.]" *Rose Corp.*, 238 A.3d at 561 (emphasis in original). Accordingly, while Act 111 granted an employer credit for weeks of disability paid to a claimant prior to Act

---

[6] Former Section 306(a.2) was added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511(2), repealed by Act 111.

111's enactment, we held that an employer could not give effect to an IRE that predated Act 111, as retroactive application of Act 111 would have a direct, negative impact on a claimant's disability status, and Act 111 contained no provision that would "specifically or implicitly" give retroactive effect to an IRE performed under former Section 306(a.2). *Id.* at 562-63.

Claimant also relies on a misconstruction of *Bible v. Department of Labor & Industry*, 696 A.2d 1149 (Pa. 1997), which addressed a due process challenge to the retroactive application of amendments to Section 306(c) of the Act, 77 P.S. § 513, that expanded the types of hearing loss for which benefits could be awarded under the Act. According to Claimant, *Bible* only permits retroactive application of a statute where the claims have not been adjudicated or determined.

We disagree, as the legislative enactment in *Bible*, the Act of February 23, 1995, P.L. 1, No. 1 (Act 1), explicitly applied to "claims existing as of the effective date of [Act 1] **for which compensation has not been paid or awarded**." *Bible*, 696 A.2d at 1151 (emphasis added). By its express terms, Act 1 did not apply to claims for which compensation had already been awarded. Furthermore, the individuals challenging Act 1 were not concerned with its application to previously awarded benefits, and the *Bible* Court did not review the retroactive application of Act 1 to awards that predated its enactment. Rather, the issue in *Bible* was whether Act 1 altered the cause of action for work-related hearing loss "so substantially" that it abrogated their claims for complete hearing loss. *Id.* at 1154. To the extent *Bible* generally discussed the retroactivity of legislative acts, it recognized that legislation "readjusting rights and burdens" was not unlawful simply because it otherwise upset "settled expectations." *Id.* at 1155.

6

Claimant's argument that he has suffered a loss of vested rights ignores the plain language of Section 413(a) of the Act, which provides that a WCJ "may, at any time, modify, reinstate, suspend, or terminate" an award of benefits upon proof that a claimant's disability has "increased, decreased, recurred, or has temporarily or finally ceased[.]" 77 P.S. § 772. Claimant also disregards this Court's holding in *Pierson* 252 A.3d at 1180, which similarly involved a claimant who sustained a work injury prior to the passage of Act 111, and who argued that retroactive application of Act 111 impaired his vested right to continued receipt of total disability benefits, in contravention of the Remedies Clause. We rejected the *Pierson* claimant's argument, explaining that a vested right is one that "so completely and definitely belongs to a person that it cannot be impaired or taken away without the person's consent." *Id.* at 1179 (internal citations omitted). While a workers' compensation claimant "retain[ed] a certain right to benefits until such time as [the claimant] is found to be ineligible for them[,]" the claimant also had "reasonable expectations under the Act that benefits may change." *Pierson*, 252 A.3d at 1179. The *Pierson* claimant "did not automatically lose anything by the enactment of Act 111. Act 111 simply provided employers with the means to change a claimant's disability status from total to partial by providing the requisite medical evidence that the claimant['s WBI was] less than 35%, after receiving 104 weeks of partial disability." *Id.* We discerned no constitutional infirmity in the retroactive application of Act 111, as the General Assembly clearly intended "for the 104-week and credit provisions of Act 111 to be given retroactive effect," per the express language in Section 3(1) and 3(2). Although Claimant suggests that this Court revisit *Pierson*, he provides no reasoning, asserting that Act 111 violates the Remedies Clause and the due process rights of workers.

Ultimately, we have repeatedly rejected the precise arguments raised by Claimant. *See Hutchinson v. Annville Twp. (Workers' Comp. Appeal Bd.)* 260 A.3d 360 (Pa. Cmwlth. 2021) (additional 104-week waiting period not required before employer can request an IRE under Section 306(a.3) of the Act); *Wescoe v. Fedchem, LLC (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1010 C.D. 2021, filed August 16, 2022) (application of Act 111 to work injury that predated Act 111's enactment did not violate the Remedies Clause of the Pennsylvania Constitution);[7] *Hender-Moody v. Am. Heritage Fed. Credit Union (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 166 C.D. 2021, filed February 15, 2022) (upholding the retroactive application of Act 111 to injuries that predate its effective date); *Yuille v. City of Philadelphia (Workers' Comp. Appeal Bd.)*, Pa. Cmwlth., No. 490 C.D. 2022, filed January 31, 2023) (retroactive application of Act 111 does not violate the Remedies Clause). Claimant has provided no authority or argument that would support reversing these decisions.

Next, Claimant argues that Act 111 constitutes an unconstitutional delegation of legislative authority, citing *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017), in which our Supreme Court invalidated former Section 306(a.2) of the Act as an unconstitutional delegation of legislative power because it provided that an IRE must be conducted in accordance with the most recent version of the AMA Guides. Claimant contends that merely specifying which version of the AMA Guides must be utilized when conducting an IRE fails to address the constitutional infirmity identified in *Protz*, as "[n]othing in Act 111" indicates that the General Assembly had any input with respect to the

---

[7] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, we may cite an unreported opinion of this Court for its persuasive value. 210 Pa. Code § 69.414(a).

8

adoption of the Sixth Edition, second printing of the AMA Guides. Claimant's Br. at 37.

Claimant's argument fails to acknowledge this Court's express holding in *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306, 319 (Pa. Cmwlth. 2019), "the General Assembly did not delegate its legislative authority when" enacting Act 111. As our Supreme Court recognized in *Protz*, the so-called non-delegation doctrine established in article II, section 1 of the Pennsylvania Constitution[8] "does not prevent the General Assembly from adopting as its own a particular set of standards which are already in existence at the time of adoption." *Protz*, 161 A.3d at 838. In *Pennsylvania AFL-CIO*, we held that the General Assembly adopted "as its own" the Sixth Edition, second printing, of the Guides, which existed at the time Act 111 was enacted. *Pennsylvania AFL-CIO*, 219 A.3d at 316. Claimant has failed to offer a compelling reason for this Court to revisit *Pennsylvania AFL-CIO* and, thus, we reject his argument as utterly lacking in merit.

Finally, we address whether an award of attorney's fees to the City is appropriate under Rule 2744. The City argues that Claimant's appeal is frivolous because he "is simply regurgitating arguments that have been previously addressed by this Court" and Claimant has not distinguished the facts in this matter from established precedent. The City lists several unsuccessful appeals filed by Claimant's counsel that raised the same constitutional issues, including *Fischer v. City of Philadelphia (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 1011 C.D. 2021, filed May 25, 2022), *Maldonado v. City of Philadelphia (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 931 C.D. 2021, filed July 26,

---

[8] Article II, section 1 of the Pennsylvania Constitution provides that "[t]he legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." Pa. Const. art. II, § 1.

2022), and *Mastrome v. City of Philadelphia (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 1387 C.D. 2021, filed July 11, 2023).

This Court has defined a frivolous appeal as one in which "no justifiable question has been presented and . . . [that] is readily recognizable as devoid of merit in that there is little prospect of success." *Pa. Dep't of Transp. v. Workmen's Comp. Appeal Bd. (Tanner)*, 654 A.2d 3, 5 (Pa. Cmwlth. 1994) (internal citations omitted). A frivolous appeal is one lacking any basis in law or fact. *Id.*

This Court has been reluctant to award attorney's fees to employers in workers' compensation appeals, concluding that to do so would "thwart the declared purposes of the Act." *Callahan v. Workmen's Comp. Appeal Bd. (Bethlehem Steel Corp.)*, 571 A.2d 1108, 1111 (Pa. Cmwlth. 1990). While Section 440 of the Act[9] affords a claimant the ability to receive costs, including attorney's fees, when an employer pursues an unreasonable contest, it does not allow the reverse, which could "inhibit the employee from pursuing an [appeal] for fear he would be assessed heavy costs if he lost." *U.S. Steel Corp. v Workmen's Comp. Appeal Bd. (Mehalovich)*, 457 A.2d 155, 157 (Pa. Cmwlth. 1983).

On occasion, however, this Court has imposed attorney's fees and costs where a claimant patently abused the appellate process. In *Patel v. Workmen's Compensation Appeal Board (Saquoit Fibers Company)*, 520 A.2d 525, 526 (Pa. Cmwlth. 1987), we assessed costs against the claimant due to the "repetitious and frivolous nature" of his appeals. The *Patel* claimant's first, and unsuccessful, appeal to this Court challenged a finding that his injury was not work related. The claimant filed a second claim petition that was dismissed on the grounds that it concerned the same injury and was barred by collateral estoppel and res judicata. The claimant

---

[9] Added by the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 996.

10

filed a third claim petition regarding the same injury while his appeal of the second claim petition's dismissal was pending before this Court. The third claim petition was also dismissed under the doctrines of collateral estoppel and res judicata. We held that the claimant's appeal on the third claim petition was "wholly frivolous and constitute[d] patent abuse of [the claimant's] constitutional right to avail himself of the courts[.]" *Id.* at 526.

We likewise imposed costs and attorney's fees against a claimant and his counsel in *Smith v. Workers' Compensation Appeal Board (Consolidated Freightways, Inc.)*, 111 A.3d 235, 238 (Pa. Cmwlth. 2015), based on their "obdurate and vexatious prosecution of a frivolous appeal[,]" which consisted of 17 separate petitions filed over 20 years that all related to the same 1996 work incident, which a WCJ determined in 1997 did not cause the claimant any injury or disability. Absent the imposition of costs and attorney's fees, "there [was] no way for our courts to curb the sort of flagrant abuse of the system engaged in [by the claimant]." *Id.*

Conversely, in *Callahan*, we declined an employer's request for attorney's fees "on the basis of one frivolous petition for review[,]" which we distinguished from the abuse noted in *Patel*. *Callahan*, 571 A.2d at 1111 n.10. In *Phillips v. Workmen's Compensation Appeal Board (Century Steel)*, 721 A.2d 1091, 1093 (Pa. 1999), the Supreme Court reversed this Court's decision to assess attorney's fees against a claimant's counsel where the appeal sought to overturn a WCJ's credibility determinations. Persuaded by the reasoning in *Callahan*, the *Phillips* Court held that an award of attorney's fees was not authorized.

While subsequent decisions from this Court have interpreted *Phillips* as leaving open the possibility for sanctions in cases involving a "patent abuse of the

11

appellate process[,]"[10] we have generally declined to impose sanctions against a claimant under Rule 2744 where the conduct did not rise to the abuse demonstrated in *Smith* and *Patel*. *See Scavello v. Wal-Mart Assocs., Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1499 C.D. 2021, filed June 20, 2023) (imposition of attorney's fees and costs not warranted where appeal represented the claimant's first attempt to relitigate nature and extent of work injury); *Munoz v. Jermacans Style, Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 58 C.D. 2022, filed May 19, 2023 (claimant's petition for review, while frivolous, fell short of the abuse of process necessary to impose sanctions under Rule 2744); *Sutter v. Workers' Comp. Appeal Bd. (Kelly Servs., Inc.)* (Pa. Cmwlth., No. 1364 C.D. 2019, filed August 12, 2020) (claimant's failure to establish reasons for setting aside a compromise and release agreement did not rise to the level of obdurate and vexatious conduct required for an imposition of sanctions under Rule 2744).

Instantly, we decline to impose the sanctions requested by the City, as Claimant has not engaged in the type of abusive litigation identified in *Patel* and *Smith*. Although we do not condone the conduct of Claimant's counsel, who continues to challenge the constitutionality of Act 111 despite this Court's repeated rejection of the issues raised,[11] this matter represents *Claimant's* first appeal of the modification of his total disability benefits. Unlike the claimants in *Patel* and *Smith*, Claimant has not filed multiple petitions that seek to relitigate claims previously raised and rejected. Thus, an award of attorney's fees under Rule 2744 is not warranted.

---

[10] *Callahan*, 571 A.2d at 1111 n.10.

[11] The brief filed in the instant appeal is nearly word-for-word identical to the principal brief filed by Claimant's counsel in *Yuille*.

12

## IV. Conclusion

Based on our review of the undisputed facts in this case, the WCJ did not err in granting the City's Modification Petition. Claimant received more than 104 weeks of total disability benefits at the time Dr. Fischer conducted the March 10, 2022 IRE. Utilizing the Sixth Edition, second printing, of the AMA Guides, as required by Section 306(a.3) of the Act, Dr. Fischer assigned Claimant a WBI rating of 12%. Accordingly, we affirm the Board but deny the City's request for attorney's fees.

ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Bernard,                                          :
                              Petitioner               :
                                                       :
        v.                                             :   No. 886 C.D. 2023
                                                       :
City of Philadelphia (Workers'                         :
Compensation Appeal Board),                            :
                              Respondent               :

# **O R D E R**

AND NOW, this 13th day of August, 2024, the July 17, 2023 order of the Workers' Compensation Appeal Board is hereby AFFIRMED. The City of Philadelphia's request for attorney's fees pursuant to Pennsylvania Rule of Appellate Procedure 2744, Pa.R.A.P. 2744, is DENIED.

_____
ELLEN CEISLER, Judge