# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Philadelphia Surgery Center, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 420 C.D. 2022 |
| | : | ARGUED: December 12, 2022 |
| Excalibur Insurance Management | : | |
| Services, LLC (Bureau of Workers' | : | |
| Compensation Fee Review Hearing | : | |
| Office), | : | |
| Respondent | : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION BY**
**SENIOR JUDGE LEADBETTER**         **FILED: January 27, 2023**

Provider, Philadelphia Surgery Center, petitions for review of an adjudication of the Bureau of Workers' Compensation, Fee Review Hearing Office, that affirmed as modified the administrative decision of the Bureau's Medical Fee Review Section that Provider was due $14,393.83 for medical services rendered to Claimant, Leah Beckley. In the adjudication, the Hearing Office (1) concluded that the Fee Review Section failed to acknowledge the prior payment of Insurer, Excalibur Insurance Management Services, LLC,[1] to Provider in the amount of $54,231.88; and (2) directed Provider to reimburse Insurer $39,838.05, plus statutory interest, as an overpayment. The sole issue on appeal is whether the Hearing Office had the statutory authority to impose the remedy of reimbursement for overpayment of medical services. We conclude that it lacked such authority and, accordingly, reverse.

---

[1] Insurer is the third-party administrator for Employer, Luzerne County.

The relevant background of this matter is as follows. In June 2020, Claimant sustained a work injury in the course of her employment with Employer, Luzerne County. (Adjud. at p. 3.) On May 7, 2021, Provider performed a spinal cord stimulator implant on Claimant for her work injury and submitted bills to Insurer in the amount of $134,016.13 for nine services. (Adjud., Finding of Fact "F.F." No. 3.) On May 18, 2021, Insurer issued an explanation of reimbursement form[2] pursuant to which it paid Provider $54,231.88 and provided reason codes as to why it calculated the payment due as less than the submitted amount. (F.F. No. 8.) There is no dispute as to the timeliness of Insurer's payment. (Adjud. at p. 3.)

On June 25, 2021, Provider filed an application for fee review pursuant to Section 306(f.1)(5) of the Workers' Compensation Act (Act).[3] Following an investigation, the Fee Review Section determined that the amount of reimbursement allowed to Provider pursuant to the fee schedule was $14,393.83. (Admin. Decision at 2; Reproduced R. "R.R." at 4a.) However, the Fee Review Section failed to acknowledge Insurer's prior payment to Provider notwithstanding Insurer's "uploaded response to the Fee Review Section's Letter of Investigation." (F.F. No. 6.) Both Provider and Insurer filed requests for hearings to contest the administrative decision, which were consolidated.

Following two hearings before a hearing officer, at which both parties submitted documentary evidence, the Hearing Office determined that the record "established that the Provider neither supplied proper documentation to the Fee Review Section to support its billing . . . , nor provided notations in its Application

---

[2] (Jan. 6, 2022 Hr'g, Ex. D-1 Explanation of Reimb.; Reproduced R. "R.R." at 1a-2a.)

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531(5).

for Fee Review consistent with the notations it made in its actual uploaded billing."[4] (Adjud. at pp. 6-7.) Instead, the Hearing Office concluded that Insurer proved by a preponderance of the evidence that it properly reimbursed Provider but that Insurer had made an overpayment in the amount of $39,838.05 ($54,231.88 - $14,393.83 = $39,838.05).[5] (F.F. No. 19.) In support, the Hearing Office referenced Insurer's June 30, 2021 check to Provider in the amount of $54,231.88 that Insurer uploaded in response to the Fee Review Section's letter of investigation. Accordingly, the Hearing Office issued an adjudication affirming as modified the Fee Review Section's administrative decision and directing Provider to reimburse Insurer in the amount of the found overpayment ($39,838.05), plus statutory interest.[6] Provider's petition for review to this Court followed.

---

[4] Provider's exhibits included P-1, the Workers' Compensation Fee Schedule for ambulatory surgical centers (R.R. at 18a-19a); P-2, Claimant's Medical Records (R.R. at 20a-23a); and P-3, Affidavit of Miteswar Purewal, M.D. (R.R. at 24a). Where Provider's exhibits conflicted with the Fee Review Section's administrative decision, the Hearing Office found the decision to be persuasive. (F.F. No. 16.) Specifically, the Hearing Office noted that P-1 simply showed that ambulatory surgical center codes 63650 and 106255 were in group 2 and included Provider's national provider identification number. (F.F. No. 11.) As for P-2, the Hearing Office found that the medical records on their face raised a question of double-billing in that the "Type of Insurance" circled was "Blue Cross" and not "Workers' Compensation." (F.F. No. 12.) In addition, the Hearing Office noted that P-2 was not uniform with Provider's submission in its application for fee review. (F.F. No. 17.) As for P-3, the Hearing Office pointed out that Dr. Purewal's affidavit provided no explanation for Provider's choice of billing codes and modifiers and "no response to the reason codes posited by the Fee Review Section for the codes for which [it] made no calculation for reimbursement owed." (F.F. No. 13.)

[5] Insurer's exhibits included D-1, Explanation of Reimbursement (R.R. at 1a-2a); D-2, Fee Review Decision (R.R. at 3a-10a); and D-3, Letter of Investigation with Attachments (R.R. at 11a-17a). Notably, D-3 included a copy of Insurer's June 30, 2021 check to Provider in the amount of $54,231.88. (R.R. at 16a.)

[6] In support of the imposition of statutory interest, the Hearing Office cited the "interest on untimely payments" regulation, 34 Pa. Code § 27.210. However, the regulation pertains to an **(Footnote continued on next page…)**

The process by which a provider may seek review of the amount and/or timeliness of the payment of medical expenses is found in Section 306(f.1)(5) of the Act, which provides as follows:

> (5) The employer or insurer shall make payment and providers shall submit bills and records in accordance with the provisions of this section. All payments to providers for treatment provided pursuant to this act shall be made within thirty (30) days of receipt of such bills and records unless the employer or insurer disputes the reasonableness or necessity of the treatment provided pursuant to paragraph (6). The nonpayment to providers within thirty (30) days for treatment for which a bill and records have been submitted shall only apply to that particular treatment or portion thereof in dispute; payment must be made timely for any treatment or portion thereof not in dispute. *A provider who has submitted the reports and bills required by this section and who disputes the amount or timeliness of the payment from the employer or insurer shall file an application for fee review with the department no more than thirty (30) days following notification of a*

insurer's untimely payments and not to any overpayments that a provider allegedly owes an insurer. It provides:

> (a) If an insurer fails to pay the entire bill within 30 days of receipt of the required bills and medical reports, interest shall accrue on the due and unpaid balance at 10% per annum under section 406.1(a) of the act (77 P.S. § 717.1).
>
> (b) If an insurer fails to pay any portion of a bill, interest shall accrue at 10% per annum on the unpaid balance.
>
> (c) Interest shall accrue on unpaid medical bills even if an insurer initially denies liability for the bills if liability is later admitted or determined.
>
> (d) Interest shall accrue on unpaid medical bills even if an insurer has filed a request for [utilization review] under Subchapter C (relating to medical treatment review) if a later determination is made that the insurer was liable for paying the bills.

34 Pa. Code § 127.210.

> *disputed treatment or ninety (90) days following the*
> *original billing date of treatment*.

77 P.S. § 531(5) (emphasis added).

While the General Assembly permits only a provider to initiate an application for fee review, the pertinent regulation provides that the Bureau will solicit an insurer's input before rendering an administrative decision. That regulation provides as follows:

> When a provider has filed all the documentation required and is entitled to a decision on the merits of the application for fee review, the Bureau will render an administrative decision within 30 days of receipt of all required documentation from the provider. *The Bureau will, prior to rendering the administrative decision, investigate the matter and contact the insurer to obtain its response to the application for fee review.*

34 Pa. Code § 127.256 (emphasis added). In addition, notwithstanding an insurer's inability to initiate an application, "[a] provider *or* insurer shall have the right to contest an adverse administrative decision on an application for fee review." 34 Pa. Code § 127.257(a) (emphasis added).

Once the Bureau assigns the request for a hearing to a hearing officer, he or she will schedule a *de novo* proceeding. 34 Pa. Code § 127.259(a). The hearing officer will conduct the hearing "in a manner to provide all parties the opportunity to be heard. The hearing officer will not be bound by the strict rules of evidence. All relevant evidence of reasonably probative value may be received into evidence. Reasonable examination and cross-examination of witnesses will be permitted." 34 Pa. Code § 127.259(b). "The insurer shall have the burden of proving by a preponderance of the evidence that it properly reimbursed the provider." 34 Pa. Code § 127.259(f). Upon issuance of a written decision and order, "*[a]ny party*

5

*aggrieved* by a fee review adjudication . . . may file an appeal to Commonwealth Court within 30 days from mailing of the decision."  34 Pa. Code § 127.261 (emphasis added).

In the present case, the hearing officer concluded that the Hearing Office was vested with the authority to determine whether overpayment or underpayment had occurred.  By way of rationale, the hearing  officer stated:

> Where the [a]dministrative [decision] at issue finds that reimbursement owed is less than that which was tendered by [Insurer], then the [a]dministrative [decision] is adverse to [Insurer].  Conversely, where the [a]dministrative [decision] at issue finds that reimbursement owed is less than that sought by Provider, then the [a]dministrative [decision] is adverse to the Provider.  Accordingly, as a matter of the operative [Pennsylvania Workers' Compensation] Cost Containment Regulations, this adjudicator is vested with authority to determine whether overpayment or underpayment has in fact occurred in [Workers' Compensation Medical] Fee Review.  34 Pa. Code [§] 127.257(a) ["A provider or insurer shall have the right to contest an adverse administrative decision on an application for fee review."].

(Adjud. at p. 6.)

Notwithstanding the apparent evenhandedness of the above rationale, we conclude that the Hearing Office lacked the statutory authority to order Provider to reimburse Insurer for an overpayment of medical services.  Pursuant to Section 306(f.1)(5) of the Act, the permitted focus of the fee review process is the amount and/or timeliness of the payment from the employer or insurer.  As noted, the timeliness of Insurer's payment was not at issue.  As for the amount of the payment, the proper amount that Insurer owed Provider for the medical services rendered to Claimant was precisely at issue and, accordingly, within the purview of the hearing

6

officer's decision-making under Section 306(f.1)(5) of the Act and the pertinent regulations. However, there is simply no support in the Act for the Hearing Office to direct *reimbursement* of Insurer's overpayment.

At the initial stage of the billing process, an insurer asserting that the amount billed was inaccurate has options under the regulations pertaining to "Billing Transactions" (34 Pa. Code §§ 127.201 - 127.211). "The insurer to whom the [medical] bill is submitted shall calculate the proper amount of payment for the treatment rendered." 34 Pa. Code § 127.205. "Insurers may request additional documentation to support medical bills submitted for payment by providers, as long as the additional documentation is relevant to the treatment for which payment is sought." 34 Pa. Code § 127.206. Pursuant to the "downcoding" regulation, an insurer may also make changes to a provider's codes in certain instances. 34 Pa. Code § 127.207. In addition, "[t]he 30-day period in which payment shall be made to the provider may be tolled only if review of the reasonableness and necessity of the treatment is requested during the 30-day period under the [utilization review] provisions of Subchapter C (relating to medical treatment review)." 34 Pa. Code § 127.208(e).

At the next stage, an insurer is limited to defending itself against a provider's claims for fees under the regulations pertaining to "Review of Medical Fee Disputes" (34 Pa. Code §§ 127.251 - 127.261). As noted, only a provider has standing to initiate a fee dispute by filing an application for fee review. 34 Pa. Code § 127.251 (relating to medical fee disputes—review by the Bureau) and § 127.252 (relating to application for fee review—filing and service). However, the fee review process only permits providers to challenge underpayments or denials of payment. It does not permit insurers to use the fee review process to obtain reimbursement of

7

an overpayment. Instead, an insurer's right to challenge is one of contesting the administrative decision of the Fee Review Section. The ensuing fee review hearing before a hearing officer is limited to determining whether any payment is due from an insurer. At that time, an insurer has the burden to prove by a preponderance of the evidence that it properly reimbursed the provider. 34 Pa. Code § 127.259(f).

In the administrative decision at issue, the Fee Review Section did not opine one way or the other on whether the amount it determined to be due had already been paid. Rather, it simply determined the value permitted under the Act and regulations for the services provided. Consequently, any overpayment was the result of Insurer's error at the billing stage, not that of any order of the Fee Review Section. The net result is that an insurer is simply stuck with its own improvidence when it pays too much in the first instance during the billing process. This seeming inequity is not changed by the facts that the Bureau solicits an insurer's input before rendering an administrative decision; that a provider or an insurer has the right to contest an adverse administrative decision; that a hearing officer considers the matter *de novo* by considering all relevant evidence of reasonably probative value; and/or that any party aggrieved by the adjudication may file an appeal to this Court. Regulations must be construed in accordance with the statute that authorized them. *Pa. Physical Therapy Ass'n v. Oleksiak*, 265 A.3d 849, 860 (Pa. Cmwlth. 2021). Section 306(f.1)(5) provides that the fee review process is limited to the amount and/or timeliness of the payment from the employer or insurer. Consequently, the regulations promulgated thereunder must be interpreted with that limitation in mind.

In support of adhering to the parameters of the fee review process as defined by statute, we note our Supreme Court's reminder in a utilization review case that the remedies under the Act are limited to those created by the General

8

Assembly and courts are precluded from engrafting remedies in the absence of statutory support. *Keystone Rx LLC v. Bureau of Workers' Comp. Fee Rev. Hearing Off. (Compservices Inc./AmeriHealth Cas. Servs.)*, 265 A.3d 322 (Pa. 2021) (court held that a non-treating provider under the Act need not be afforded notice and an opportunity to establish a right to intervene in the absence of legislation to that effect). S*ee also E.S. MacFadden Inc. v. Bureau of Workers' Comp.*, 725 A.2d 1273, 1275 (Pa. Cmwlth. 1999) (where a provider filed two applications for fee review contesting the amount of payment it received for medical services and a hearing officer granted provider's reimbursement request but declined to review or award provider's request for costs and attorney's fees, court affirmed and held that hearing officer lacked authority to review and award costs and attorney's fees to a successful provider in the absence of a specific provision in the Act). Accordingly, while the Fee Review Section and the Hearing Office properly determined the fact and amount of the overpayment, in the absence of legislative authority permitting the Bureau to direct a provider to reimburse an insurer for an overpayment of fees for medical services, neither the Hearing Office nor this Court may create such authority in contravention of the Act.

For the above reasons, therefore, we reverse.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philadelphia Surgery Center,      :
           Petitioner      :
                      :
        v.               :    No. 420 C.D. 2022
                      :
Excalibur Insurance Management      :
Services, LLC (Bureau of Workers'      :
Compensation Fee Review Hearing      :
Office),      :
           Respondent      :

## **O R D E R**

AND NOW, this 27th day of January, 2023, the adjudication of the Bureau of Workers' Compensation, Fee Review Hearing Office, is hereby REVERSED.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita