Westinghouse Electric Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Margaret L. Pollard, Widow of Walter H. Pollard, Deceased), Respondents.

Hearing before Judge BLATT, September 3, 1980.

*William Alvah Stewart, III,* with him, *Mark A. Willard, Eckert, Seamans, Cherin & Mellott,* for petitioner.

*Sandra Christianson,* with her, *Samuel J. Goldstein,* for respondents.

MEMORANDUM OPINION AND ORDER BY JUDGE BLATT, September 23, 1980:

Pursuant to Rules 2741-2771 of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 2741-2771, the petitioner, Westinghouse Electric Corp., seeks an order taxing claimant Margaret Pollard, widow of Walter H. Pollard, for fees paid and costs incurred in the amount of $10,213.60 in the course of appeals by the petitioner to this Court and to the Supreme Court of Pennsylvania from an order of the Workmen's Compensation Appeal Board affirming a referee's award of benefits to Mrs. Pollard under Section 301(c) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411.

The Act provides for the awarding of certain costs in any contested case where liability has been contested in whole or in part, and such reasonable costs are defined as being for attorney's fees, witnesses, necessary medical examination and the value of unreimbursed lost time to attend the proceedings. This reimbursement, however, is provided for successful claimants *only;* and no provision at all is made for reimbursement of costs for the insurers. Section 440 of the Act, 77 P.S. §996. Moreover, with respect to Section 440, this Court has found, on more than one occasion, ''nothing invidious in the provision to successful claimants of their reasonable litigation costs and the denial of such costs to insurers which have successfully contested workmen's claims.'' *Workmen's Compensation Appeal Board v. Bethlehem Mines Corporation,* 23 Pa. Commonwealth Ct. 517, 521, 353 A.2d 79, 81 (1976); *Cairnbrook Coal*

*Company v. Workmen's Compensation Appeal Board,* 30 Pa. Commonwealth Ct. 620, 624, 374 A.2d 766, 768 (1977).

It is argued here, of course, that the filing and document reproduction costs sought by petitioner here, while not specifically provided for by the Act, are costs incurred on appeal for which reimbursement *is* provided by Pa. R.A.P. 2741-2771.

Pa. R.A.P. 105, however, requires that the Rules of Appellate Procedure "shall be liberally construed to serve the just, speedy, and inexpensive determination of every matter to which they are applicable." The rule further provides, moreover, that an appellate court may on its own motion in a particular case for good cause shown "disregard the requirements or provisions of any of these rules." This Court is constrained, therefore, to follow the obvious intent of The Workmen's Compensation Act when awarding or denying costs in appeals brought under that Act, the purpose of which, with respect to costs, as reflected in Section 440, and as previously interpreted by this Court in *Bethlehem Mines Corporation, supra,* and *Cairnbrook Coal Company, supra,* cannot be ignored.[1]

We believe that, when the costs provision of the Act designates the awarding of costs in contested cases

---

[1] "The purposes of Section 440 . . . are to deter unreasonable contests of workmen's claims and to ensure that claimants successful in litigation of their claims should receive compensation undiminished by the costs of litigation." *Workmen's Compensation Appeal Board v. Bethlehem Mines, supra; Cairnbrook Coal Company v. Workmen's Compensation Appeal Board, supra.* Here, the claimant's initial, and only, application for benefits under the Act was appropriate and reasonable in light of the judicial interpretation of the Act in effect in Pennsylvania at the time her action was commenced. *See, e.g., Aluminum Company of America v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 33, 380 A.2d 941 (1977) ; *Maher v. Hallmark Cards, Inc.,* 207 Pa. Superior Ct. 472, 218 A.2d 593 (1966).

582

to successful claimants only and not to successful insurers, for this Court to award costs otherwise would be to thwart the declared purposes of the Act.

The insurer's request for costs incurred in these appeals, therefore, must be denied.

### Order

And Now, this 23rd day of September, 1980, upon consideration of appellant's petition under Sections 2741-2771 of the Rules of Appellate Procedure for fees and costs incurred on appeal to the Commonwealth Court and to the Supreme Court of Pennsylvania, and after hearing argument thereon, the request is hereby denied.