Marvin G. PHILLIPS, Petitioner,

v.

**WORKMEN'S COMPENSATION
APPEAL BOARD (CENTURY
STEEL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted June 7, 1996.
Decided July 18, 1996.

Joseph J. Cirilano, for Petitioner.

P. Ronald Cooper and S. Todd Renner, for Respondent, Schneider, Inc.

Michael A. Cohen, for Respondent, Atlantic Plant Maintenance.

William S. Evans, for amicus curiae, Westinghouse.

Before COLINS, President Judge, and FLAHERTY, J., and RODGERS, Senior Judge.

COLINS, President Judge.

Marvin G. Phillips (Phillips) petitions for review of the September 20, 1995 order of the Workmen's Compensation Appeal Board (Board) that affirmed the order of the workers' compensation judge (judge) and dismissed Phillips's appeal. On August 9, 1994, the judge had denied Phillips's claim petitions for compensation.

The claim petitions alleged that Phillips was disabled from asbestosis effective September 13, 1991. He testified that he was exposed to asbestos during his employment as a millwright for the following employers against whom he filed the petitions: Westinghouse Electric; Century Steel; Atlantic Plant Maintenance, Inc.; Sauers, Inc.; Schneider Power Corporation; and Minnotte Contracting—Erection. The judge ques-

tioned Phillips's credibility because in this proceeding he "testified that since 1985, he has knowingly and also accidentally worked with and around asbestos[,]" but, in a separate third-party action, he testified "that he did not have any asbestos exposure after 1978." (Finding of Fact No. 5.)

Two physicians testified during the proceedings before the judge. Phillips' medical witness, Dr. Roger A. Abrahams, who is board certified in internal medicine and pulmonary disease, diagnosed Phillips as suffering from "pulmonary asbestosis as a result of respiratory asbestos exposure in addition to bilateral and diaphragmatic pleural plaques as a result of asbestos exposure." (Finding of Fact No. 6.) Dr. Abrahams opined that Phillips's asbestosis is work related and that Phillips should not return to work as a millwright. The medical witness for Westinghouse Electric, Dr. Joseph J. Renn, III, who is board certified in internal medicine and pulmonary disease, diagnosed Phillips as suffering from "benign asbestos-induced pleural plaques; and found no evidence of pneumoconiosis and no evidence of ventilatory impairment." Dr. Renn explained that

> benign asbestos-induced pleural plaques does not mean that the claimant has asbestos [sic]; rather, it means only that the claimant has been in contact with asbestos. Dr. Renn was of the opinion that claimant's respiratory system is not in any way impaired from any occupational disease and that the claimant can perform the job of millwright.

(Finding of Fact No. 7.) Finding Dr. Renn to be more credible than Dr. Abrahams, the judge relied on the opinion of Dr. Renn and found that Phillips is not disabled from work-related pulmonary asbestosis. The judge then concluded that Phillips failed to sustain his burden of proof and denied the claim petitions.

■ Before this Court, Phillips raises the issue that he raised before the Board, which is whether the findings of fact are supported by substantial, competent evidence.[1] The Board affirmed the judge's order because the findings of fact are supported by the substantial, competent testimony of Dr. Renn, who was found credible by the judge. We have reviewed the record and agree with the Board that the findings are supported by substantial evidence in the form of Dr. Renn's credible testimony. We remind Phillips, as did the Board, that the judge "has exclusive province over questions of credibility and evidentiary weight. The [judge] is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part." *Anzaldo v. Workmen's Compensation Appeal Board (M & M Restaurant Supply Co.)*, 667 A.2d 488, 495 (Pa.Cmwlth. 1995), *petition for allowance of appeal denied*, —— Pa. ——, 678 A.2d 366 (1996) (citation omitted).

■ Respondent employer Atlantic Plant Maintenance, Inc. (Atlantic) seeks reimbursement of its counsel fees pursuant to Pa. R.A.P. 2744, because this appeal is frivolous. Atlantic argues that "credibility determinations are not reversible, and because the sole basis of the claimant's appeal to this Honorable Court is that substantial evidence does not support the credibility determination, the filing of this appeal is without foundation and an abuse of the judicial process." (Brief at 8.) Atlantic asks that its counsel fees be assessed against Phillips's counsel and not against Phillips himself, relying on *Morrell v. Department of Transportation, Bureau of Traffic Safety*, 133 Pa.Cmwlth. 338, 575 A.2d 171 (1990). We agree with Atlantic and will grant its request for an assessment of reasonable counsel fees against Phillips's counsel.

Accordingly, the September 20, 1995 order of the Workmen's Compensation Appeal Board is affirmed, and Atlantic Plant Maintenance, Inc.'s request for assessment of reasonable counsel fees against Phillips's counsel is granted. Atlantic shall file a bill of costs pursuant to Pa. R.A.P. 3751.

---

1. "Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence." *John J. Kane Glen Hazel Regional Center v. Workmen's Compensation Appeal Board (Rust)*, 674 A.2d 1165, 1166 n. 1 (Pa.Cmwlth.1996).

## ORDER

**AND NOW**, this 18th day of July, 1996, the order of the Workmen's Compensation Appeal Board is affirmed, and Atlantic Plant Maintenance, Inc.'s request for assessment of counsel fees against petitioner's counsel is granted. Atlantic Plant Maintenance, Inc. shall file a bill of costs pursuant to Pa. R.A.P. 3751.