721 A.2d 1091

**Marvin PHILLIPS, Appellant,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (CENTURY STEEL, Westinghouse, Atlantic Plant Maintenance, Sauers, Schneider & Minnotte) Appellees.**

Supreme Court of Pennsylvania.

Argued March 9, 1998.

Decided Jan. 7, 1999.

Joseph J. Cirilano, David B. Rodes, Pittsburgh, for Marvin Phillips.

Eugene F. Scanlon, Pittsburgh, for Century Steel-Not Involved.

George J. Steffish for Minnotte.

Lawrence Baldasare, Michael A. Cohen, Pittsburgh, for Atlantic Plant Maintenance.

William M. Conwell, Pittsburgh, for Sauers.

P. Ronald Cooper, Pittsburgh, for Schneider, Inc.-Not Involved.

William Evans, James M. Poerio, Pittsburgh, for Westinghouse-Amicus.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

NEWMAN, Justice.

Marvin Phillips (Appellant) appeals from an Order of the Commonwealth Court affirming the Workmens' Compensation Appeal Board's (WCAB) denial of disability benefits and assessing attorneys' fees against his counsel for filing a frivolous

appeal. For the reasons discussed herein, we reverse the award of attorneys' fees.

## FACTUAL AND PROCEDURAL HISTORY

From 1948 to 1991, Appellant worked as a millwright for a number of employers, including Atlantic Plant Maintenance (Atlantic). As a millwright, Appellant worked with gasket material and packing, pipe coverings, and turbine insulations, all of which may have contained asbestos. On September 13, 1991, Roger Abrahams, M.D. (Dr. Abrahams), a pulmonary disease specialist, diagnosed Appellant as suffering from asbestosis. Dr. Abrahams advised Appellant that he should not return to work as a millwright because the work environment would cause his asbestosis to advance. On May 1, 1992, Appellant filed Claim Petitions against Atlantic and his other employers, seeking disability benefits as of September 13, 1991 for injuries allegedly suffered as a result of asbestos exposure from 1985 to 1991. Atlantic denied his claim, and the matter went to a hearing before a Workmens' Compensation Judge (WCJ).

At the hearing, Appellant presented the testimony of Dr. Abrahams, who opined that Appellant suffered from pulmonary asbestosis, as well as bilateral and diaphragmatic pleural plaques, because of asbestos exposure. According to Dr. Abrahams, Appellant's condition rendered him unable to continue to work as a millwright. Atlantic, however, presented the testimony of Joseph Renn, III, M.D. (Dr. Renn), a pulmonary disease specialist, who testified that Appellant had benign asbestos-induced pleural plaques, but not asbestosis. Dr. Renn concluded that Appellant's condition did not disable him and he could continue to work as a millwright. Atlantic also presented Appellant's testimony from a September 1990 deposition in another matter, in which Appellant testified that he had not been exposed to asbestos after 1978. This testimony was inconsistent with the allegation in Appellant's Claim Petition that he had been exposed to asbestos from 1985 to 1991. The WCJ found Dr. Renn's testimony credible and adopted it as fact. Accordingly, he concluded that Appellant had failed

to prove that he was disabled from asbestos exposure, and therefore denied Appellant disability benefits.

Appellant appealed the decision of the WCJ to the WCAB, which affirmed the denial of benefits. Appellant then appealed to the Commonwealth Court, alleging that the WCJ's credibility determination was not supported by substantial evidence. The Commonwealth Court affirmed the decision of the WCAB, noting that a WCJ "has exclusive province over questions of credibility and evidentiary weight. The [WCJ] is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part." *Phillips v. WCAB (Century Steel)*, 680 A.2d 45, 46 (Pa.Cmwlth.1996) (quoting *Anzaldo v. WCAB (M & M Restaurant Supply Co.)*, 667 A.2d 488, 495 (Pa.Cmwlth.1995), *alloc. denied*, 544 Pa. 676, 678 A.2d 366 (1996)).

The Commonwealth Court also granted Atlantic's request for reimbursement of attorneys' fees. Atlantic argued, and the Commonwealth Court agreed, that, "because credibility determinations are not reversible, and because the sole basis of [Appellant's] appeal to [the Commonwealth Court] is that substantial evidence does not support the [WCJ's] credibility determination, the filing of this appeal is without foundation and an abuse of the judicial process." *Phillips*, 680 A.2d at 46. Thus, in accordance with Atlantic's request, the Commonwealth Court assessed reasonable attorneys' fees, not against Appellant, but against Appellant's counsel. Appellant then filed a Petition for Allowance of Appeal with this Court, alleging that the Commonwealth Court erred in imposing attorneys' fees against his counsel.

## DISCUSSION

We granted allocatur to decide the issue of whether an employer may recover its attorneys' fees from a claimant's counsel when the claimant pursues an appeal that is held to be frivolous. Although this Court has never addressed this issue, the Commonwealth Court has done so on a number of occasions, concluding that the employer is not entitled to an award

of attorneys' fees. These cases rely primarily on an analysis of the policy reflected in Section 440 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 996.[1] *See, e.g., Cairnbrook Coal Company v. WCAB,* 30 Pa.Cmwlth. 620, 374 A.2d 766, 768 (1977) (quoting *WCAB v. Bethlehem Mines Corporation,* 23 Pa.Cmwlth. 517, 353 A.2d 79, 81 (Pa.Cmwlth.1976)) ("The purposes of Section 440 are to deter unreasonable contests of [workers'] claims and to ensure that claimants successful in litigation of their claims should receive compensation undiminished by the costs of litigation.").

For example, in *Westinghouse Electric Corporation v. WCAB (Pollard),* 84 Pa.Cmwlth. 579, 482 A.2d 673 (Pa. Cmwlth.1980), the court noted that, pursuant to Section 440, "reimbursement [for attorneys' fees and costs] . . . is provided for successful claimants only; and no provision at all is made for reimbursement of costs for the insurers." *Pollard,* 482 A.2d at 673. Consequently, the court in *Pollard* held as follows:

> This Court is constrained . . . to follow the obvious intent of [the Act] when awarding or denying costs in appeals brought under the Act, the purpose of which, with respect to costs, as reflected in Section 440, and as previously interpreted by this Court in [*Bethlehem Mines* and *Cairnbrook Coal* ], cannot be ignored. We believe that, when the costs provision of the Act designates the awarding of costs in contested cases to successful claimants only and not to successful insurers, for this Court to award costs otherwise would be to thwart the declared purposes of the Act.

*Id.,* 482 A.2d at 674.

Similarly, in *United States Steel Corporation v. WCAB (Mehalovich),* 72 Pa.Cmwlth. 481, 457 A.2d 155 (Pa.Cmwlth.

---

**1.** Section 440 provides that:

In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to extend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established. . . .

1983), the Commonwealth Court recognized that Section 440 allows a claimant to recover attorneys' fees from an employer, but not the reverse:

Section 440 benefits the employee by affording Claimants the ability to receive costs, including attorneys' fees, in the event an employer pursues an unreasonable appeal. To allow the reverse would inhibit the employee from pursuing an administrative action in his own behalf for fear he would be assessed heavy costs if he lost. Such a result was neither intended nor implied in this remedial statute.... We do not deny that employees, as well as employers, are capable of bringing frivolous appeals, however, the statute's purpose is clearly to further the interests of claimants.

*Mehalovich*, 457 A.2d at 157. Thus, the court concluded that, "[a]bsent a specific provision in the Act assessing costs to an employer when a claim was pursued in bad faith, ... neither the [workers'] compensation authorities, nor this Court, is authorized to review [workers'] compensation claims to determine if the claimant pursued the action in bad faith and, if so, to impose attorneys' fees and costs on the claimant." *Id.* at 158.

Notwithstanding the public policy reflected in Section 440 of the Act, Atlantic argues that it is entitled to recover attorneys' fees pursuant to Pennsylvania Rule of Appellate Procedure 2744, which provides that an appellate court may award attorneys' fees "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Pa.R.A.P. 2744. In support its position, Atlantic cites *Patel v. WCAB (Saquoit Fibers Company)*, 103 Pa. Cmwlth. 290, 520 A.2d 525 (Pa.Cmwlth.1987), in which the Commonwealth Court held that the claimant's appeal was frivolous and awarded the employer costs pursuant to Pa. R.A.P. 2741(2).[2] Atlantic's argument is unpersuasive, particularly in light of the Commonwealth Court's decision in *Callahan v. WCAB (Bethlehem Steel Corp.)*, 132 Pa.Cmwlth. 47, 571

---

2. Pa.R.A.P. 2741(2) provides that, "[i]f an order is affirmed [on appeal], costs shall be taxed against the appellant unless otherwise ordered."

A.2d 1108 (Pa.Cmwlth.1990), a case remarkably similar to the one at bar.

In *Callahan*, the claimant appealed to the Commonwealth Court a WCAB decision affirming the termination of disability benefits, arguing that the Workers' Compensation Referee's factual findings were not supported by substantial competent evidence. The employer argued that the appeal was frivolous, and sought reimbursement of attorneys' fees pursuant to Pa.R.A.P. 2744 and *Patel.* Citing *Pollard* and *Mehalovich,* the Commonwealth Court denied the employer's request for attorneys' fees, noting that, "[e]mployers are no more entitled to the award of costs and counsel fees than are insurers." *Callahan,* 571 A.2d at 1111 n. 9. The court also distinguished *Patel,* finding that, "[t]herein, costs were imposed against the claimant pursuant to Pa.R.A.P. 2741(2) for patent abuse of the appellate process and not simply on the basis of one frivolous petition for review. The holding in *Patel* is an extremely narrow one and is limited to the particular facts of that case." *Id.,* 571 A.2d at 1111 n. 10.[3] *See also Warner Lambert Company, Inc. v. WCAB (Brown),* 133 Pa.Cmwlth. 250, 575 A.2d 956, 960 (Pa.Cmwlth.1990) ("There is no basis in *Patel* which could provide support for the assessment of counsel fees [against a claimant] by a compensation referee, nor under either Pa. R.A.P. 2744(1) or the Judicial Code, 42 Pa.C.S. § 2503.7, also relied upon by the Employer.").

■ While the Commonwealth Court's decisions in *Pollard, Mehalovich,* and *Callahan* do not bind us, we find them persuasive, and therefore follow them here. Because the clear intent of Section 440 of the Act is to protect claimants from the costs of litigation, but not to provide comparable protec-

---

**3.** The claimant in *Patel* filed three separate claim petitions on the same claim, and appealed each one to the Commonwealth Court level. The court held that, "[t]his appeal, the third dealing with Claimant's 1978 injury and the second to be dismissed due to collateral estoppel and res judicata, is clearly wholly frivolous and constitutes patent abuse of Claimant's constitutional right to avail himself of the courts of this Commonwealth...." *Patel,* 520 A.2d at 526. Accordingly, the court awarded the employer costs pursuant to Pa.R.A.P. 2741(2) and indicated, in dicta, that an award of attorneys' fees pursuant to Pa.R.A.P. 2744 would have been appropriate "had such a petition been filed." *Id.*

tion for employers, we conclude that the Commonwealth Court was not authorized to award attorneys' fees to Atlantic. Accordingly, we reverse the Order of the Commonwealth Court as to the assessment of attorneys' fees against Appellant's counsel.[4]

Justice SAYLOR files a dissenting opinion in which Justice ZAPPALA and Justice CAPPY join.

SAYLOR, Justice, dissenting.

I am unable to conclude that Section 440 of the Workers' Compensation Act precludes an appellate court from assessing counsel fees pursuant to Appellate Rule 2744 against a workers' compensation claimant who pursues a frivolous appeal.

I agree with the majority that, although Section 440 of the Act provides for an award of attorney's fees in favor of an employee claimant in a case where the insurer (or employer) has unreasonably contested liability, the employer has no reciprocal right under the Act to seek counsel fees from a claimant who has filed a baseless claim petition. This follows from the plain language of the statute and is consistent with its remedial purposes.

In my view, however, it does not follow that the substantive provisions of Section 440 extend to the appellate process and supersede Appellate Rule 2744, which accords appellate courts the ability to impose sanctions as a means to control and supervise their dockets. Nor do I view the application of Appellate Rule 2744 to a workers' compensation claimant as chilling the legitimate exercise of appellate rights. An employee is not penalized for pursuing his or her appellate rights—only an appeal deemed frivolous by the appellate court as lacking any basis in law or fact will expose a party to counsel fees.

Since the Commonwealth Court found this appeal frivolous, and since the record supports such conclusion, I would affirm.

---

4. Because the imposition of attorneys' fees was the only issue preserved for appeal, we express no opinion as to the propriety of the remainder of the Commonwealth Court's decision.

Justice ZAPPALA and Justice CAPPY join this Dissenting Opinion.