**E.S. MacFADDEN, INC., Petitioner,**

v.

**BUREAU OF WORKERS'
COMPENSATION and
PMA, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 15, 1999.

Decided March 4, 1999.

---

**1274**

Patrick M. Donan, Philadelphia, for petitioner.

Shelley J. Jones, Harrisburg, for respondent, BWC. Cindy J. Murphy, Harrisburg, for respondent, PMA Ins. Group.

Before McGINLEY, J., FLAHERTY, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

E.S. MacFadden, Inc. (Provider) petitions for review of a decision and order issued by a Bureau of Workers' Compensation (Bureau) Medical Fee Review Section Hearing Officer (HO). The HO awarded Provider its requested additional reimbursement on the charges in dispute, but declined to review or award Provider's request for litigation costs and attorney fees. We affirm.[1]

Provider filed two applications for fee review contesting the amount of payment it

received from PMA Insurance Group for services rendered to Rosemarie Mayfield in a workers' compensation matter. The Bureau issued two separate decisions adverse to Provider, who then requested that *de novo* hearings be held in each case. The cases were consolidated and following a hearing the HO granted Provider's reimbursement request. However, the HO denied an award of costs and attorney fees stating that:

> The jurisdiction of fee review applications and the authority of fee review hearing officers, however, is limited to a review of the amount and timeliness of payment of providers [sic] bills by employers or insurers.... Accordingly, this Hearing Officer is without authority to review Provider's request for costs and attorney fees or award same.

(HO's decision).

Provider now appeals to this Court,[2] arguing that the HO has the authority to review and award litigation costs and attorney fees pursuant to the Workers' Compensation Act (Act).[3] Specifically, Provider argues that nothing in the Act or the regulations promulgated to implement Section 306(f.1)(5) of the Act, 77 P.S. § 531(5), prevents a HO from reviewing and awarding costs and attorney fees to a successful provider. Additionally, Provider contends that under Section 440 of the Act, 77 P.S. 996, there is an implied right for a provider to substitute for a claimant in the fee application process, because a claimant is prohibited from challenging the timeliness or amount of payment of a medical bill.

Provider cites Section 306(f.1)(5) of the Act, which allows applications for fee review to be filed by providers or insurers to contest the timeliness or the amount of payment to them. Provider also cites sections of the Act which direct the Bureau to promulgate and use regulations to implement the medical

**1.** The Bureau intervened to defend the administrative decision pursuant to 34 Pa.Code § 127.258.

**2.** Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

**3.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1 – 1041.4.

cost containment measures [4] and to insure full payment of compensation when due.[5] Next, Provider cites numerous regulations that set forth the procedures by which a provider may contest the amount or timeliness of payment of its bills.

However, Provider fails to cite any section of the Act or any regulation that gives the HO the authority to award costs and attorney fees. Rather, Provider contends that because nothing in the Act or the regulations prohibits the grant of such an award, its successful contest before the HO coupled with the award of fees and costs is the only way to make a claimant 'whole. Provider bases this argument on a fiction that it stands in the place of a claimant, who cannot file a fee review application, to insure that his or her provider receives payment for services rendered. In other words, Provider's successful fee review litigation without the award of costs and attorney fees does not insure the full payment of compensation due a claimant.

A recent decision by the Pennsylvania Supreme Court sheds light on this issue. In *Phillips v. Workmen's Compensation Appeal Board (Century Steel)*, 554 Pa. 504, 721 A.2d 1091 (1999), the Supreme Court followed the dictates expressed in *United States Steel Corp. v. Workmen's Compensation Appeal Board (Mehalovich)*, 72 Pa.Cmwlth. 481, 457 A.2d 155 (1983), and disallowed the assessment of attorney fees against a claimant's counsel for filing a frivolous appeal. The *Phillips* opinion quoted *Mehalovich*, which stated that "[a]bsent a specific provision in the Act assessing costs to an employer when a claim was pursued in bad faith, ... neither the compensation authorities, nor this Court, is authorized to review compensation claims to determine if the claimant pursued the action in bad faith and, if so, to impose attorneys' fees and costs on the claimant." *Id.* at 158.[6]

The important point we draw from *Phillips* and the Commonwealth Court cases it followed is that litigation costs and attorney fees may not be imposed absent a specific provision in the Act. Moreover, because regulations cannot exceed the scope of authority of the underlying statutory act, *Pennsylvania Medical Society v. State Board of Medicine*, 118 Pa.Cmwlth. 635, 546 A.2d 720 (1988), the regulations cannot do that which the Act has not provided.[7] Therefore, without that specific language in the Act, the HO did not have the authority to grant Provider's request for litigation costs and attorney fees.

As for Provider's contention concerning the applicability of Section 440 of the Act so as to allow Provider to step into the shoes of a claimant, we recognize that Section 440 applies to cases wherein liability is contested. That is certainly not the situation here. In *Catholic Health Initiatives v. Heath Family Chiropractic*, 720 A.2d 509, 511 (Pa.Cmwlth.1998), this Court stated that:

> the fee review process presupposes that liability has been established, either by voluntary acceptance by the employer or a determination by a workers' compensation judge.... The medical cost containment

---

4. Section 306(7) of the Act, 77 P.S. § 531.1(7).

5. Section 435(a)(ii) of the Act, 77 P.S. § 991(a)(ii).

6. In addition to *Mehalovich*, the *Phillips* opinion found *Callahan v. Workmen's Compensation Appeal Board (Bethlehem Steel Corp.)*, 132 Pa. Cmwlth. 47, 571 A.2d 1108 (1990) (employers are no more entitled to an award of costs and counsel fees than are insurers), and *Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board (Pollard)*, 84 Pa.Cmwlth. 579, 482 A.2d 673 (1980) (pursuant to Section 440 of the Act reimbursement for attorney fees and costs are provided only to successful claimants), persuasive and followed them as well in the *Phillips* case.

7. We note that the regulations governing the review of medical fee disputes, 34 Pa.Code §§ 127.251 – 127.261, make no mention concerning the payment or assessment of costs and fees. In the regulations covering medical treatment review, 34 Pa.Code §§ 127.401 – 127.670, either an employee, employer or insurer may file for such review, but only the insurer or the employer is required to make payment for the utilization review organization's charge. 34 Pa. Code § 127.477. As for peer review proceedings, payment for the charges are made by the Workmen's Compensation Administration Fund. 34 Pa.Code § 127.627.

regulations [are] not intended to allow providers to litigate the issue of an employer's liability in cases where the employee has not elected to do so.

Provider's challenge here is not a contested case as contemplated by and is not covered by of Section 440 of the Act. Just as a claimant cannot seek a fee review before a HO on a provider's behalf, a provider cannot litigate liability before a workers' compensation judge on a claimant's behalf. Claimants and providers are not interchangeable in fee review litigation and cannot substitute for each other.[8]

Accordingly, for the reasons stated above we affirm the HO's decision.

### ORDER

NOW, March 4, 1999, the order of the Bureau of Workers' Compensation Medical Fee Review Section Hearing Officer is affirmed.

---

8. We distinguish the language in footnote 12 in *Topps Chewing Gum v. Workers' Compensation Appeal Board (Wickizer)*, 710 A.2d 1256 (Pa. Cmwlth.1998), wherein this Court stated that a health care provider stands in the shoes of a claimant and may defend against an employer's petition alleging that medical expenses are not reasonable and necessary. The *Topps* case arose in the context of a request for utilization review, while here a fee review petition is at issue that only questions the amount and timeliness of payment.