# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dave Scavello,                  :
             Petitioner      :
                  :
         v.          :     No.  1499 C.D. 2021
                  :     Submitted:  August 19, 2022
Wal-Mart Associates, Inc.     :
(Workers' Compensation      :
Appeal Board),          :
           Respondent   :

**BEFORE:**    **HONORABLE RENÉE COHN JUBELIRER,** President Judge
              **HONORABLE ANNE E. COVEY,** Judge
              **HONORABLE LORI A. DUMAS,** Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**     **FILED:  June 20, 2023**

Dave Scavello (Claimant), proceeding pro se, petitions for review of the November 5, 2021 Order of the Workers' Compensation Appeal Board (Board) that affirmed Workers' Compensation Judge Eric Pletcher's (WCJ Pletcher) Decision denying and dismissing Claimant's pro se Claim Petition (Petition) against Wal-Mart Associates, Inc. (Employer) on the basis that it was barred by the doctrine of res judicata and the statute of limitations.[1]  The Board agreed with WCJ Pletcher that

---

[1] Claimant filed a pro se letter, followed by an Ancillary Petition for Review, with this Court, in which he challenged a Board Decision that he received November 12, 2021.  The Board issued two decisions on November 5, 2021, one resolving Claimant's appeal at docket A20-0861 (related to the denial of pro se reinstatement and review petitions), and one resolving Claimant's appeal at docket A20-0459 (relating to the denial of the instant pro se Petition).  By order dated March 31, 2022, this Court indicated it would consider Claimant's challenge to the Board's Decision at A20-0861 at docket number 1447 C.D. 2021, and directed Claimant to file a separate petition for review if he sought to challenge the Board's Decision at A20-0459.  (Order, March 21, 2022.)  Claimant did so, and this challenge was docketed at this docket number, 1499 C.D. 2021.

the Petition sought to relitigate issues already decided in Claimant's prior workers' compensation (WC) litigation, particularly *Scavello v. Workers' Compensation Appeal Board (Wal-Mart Associates, Inc.)* (Pa. Cmwlth., No. 742 C.D. 2019, filed January 17, 2020) (*Scavello I*), and was filed more than three years after the March 16, 2016 incident making it untimely pursuant to Section 315 of the Workers' Compensation Act[2] (Act), 77 P.S. § 602.  Discerning no error in these conclusions, we affirm.

## I. BACKGROUND

*Scavello I*, this matter, and a separate petition for review filed by Claimant at docket number 1447 C.D. 2021, all arise out of a March 16, 2016 injury Claimant sustained while at work.

### A. Scavello I

This Court, in *Scavello I*, set forth the facts of Claimant's injury, as follows.

> On March 16, 2016, Claimant, while working for Employer, sustained a work-related injury to his right hand/wrist in the nature of a contusion.  Employer accepted liability for Claimant's work-related injury by issuing a medical-only notice of compensation payable [(MO-NCP)], which described the accepted work-related injury as a right [ ] hand contusion.  On August 18, 2016, Employer filed [a t]ermination [p]etition, alleging that Claimant had fully recovered from his work-related injury as of July 12, 2016.  Thereafter, on September 8, 2016, Claimant filed [a r]eview [p]etition, seeking to amend the description of his work-related injury to include a "crush injury of the hand and wrist[,] including, but not limited to, [complex regional pain syndrome] [(]CRPS[)]."[2]
>
> > [FN] 2. On March 2, 2017, Claimant filed another petition for review and a claim petition related to partial disability and the calculation of his average weekly wage in connection with

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 602.

> concurrent employment. As Claimant withdrew his March 2, 2017 claim and review petitions, we do not discuss either petition in this opinion.

*Scavello I*, slip op. at 2 & n.2 (citations omitted) (first through fifth alterations added). Hearings were held before WCJ Alan Harris (WCJ Harris), at which Claimant testified and offered the deposition testimony of Gene V. Levinstein, M.D., in an attempt to establish that Claimant had suffered a crush injury to his right wrist and hand, as well as a Reflex Sympathetic Dystrophy Syndrome (RSD) or CRPS, as a result of the March 16, 2016 work incident. *Id.*, slip op. at 3-4. Dr. Levinstein agreed with Employer's expert, Amir Fayyazi, M.D., that Claimant's right hand contusion had resolved. *Id.*, slip op. at 4. Employer offered the testimony of Dr. Fayyazi who, after performing an independent medical examination (IME) on Claimant, opined Claimant had recovered from his work-related right hand/wrist injuries and did not suffer from CRPS. *Id.*, slip op. at 6-7. WCJ Harris denied both the termination petition and the review petition, rejecting Dr. Levinstein's opinion that Claimant suffered from RSD/CRPS and accepting Dr. Fayyazi's contrary opinion. *Id.*, slip op. at 7. However, WCJ Harris rejected Dr. Fayyazi's opinion regarding Claimant being recovered from all work injuries as of the date of the IME because Claimant could still have been symptomatic as of the date of the IME. *Id.*

Claimant did **not** appeal the denial of his review petition to the Board, but Employer appealed the denial of the termination petition. *Id.*, slip op. at 7 & n.5. The Board reversed, noting that the credited medical evidence, Dr. Levinstein's testimony, did not support a finding that Claimant had not fully recovered from his right hand contusion by September 9, 2016. *Id.*, slip op. at 7. Claimant appealed to this Court, arguing the Board erred in reversing the denial of the termination petition and suggesting WCJ Harris erred in denying the review petition. *Id.* We disagreed,

3

holding the Board did not err in concluding that WCJ Harris's finding that Claimant was not fully recovered from the work-related right hand contusion was not supported by substantial evidence. We held that substantial evidence was lacking because both physicians had opined Claimant was fully recovered from that injury, WCJ Harris did not reject Dr. Levinstein's testimony on that injury, and WCJ Harris's rejection of Dr. Fayyazi's opinion was based on WCJ Harris's own beliefs about Claimant's condition, which were not supported by the record. *Id.*, slip op. at 8-9. On Claimant's argument related to the review petition, this Court indicated the denial of the review petition had not been appealed to the Board and, therefore, that petition was not before the Court. *Id.*, slip op. at 7 n.5 & 8. Claimant filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was administratively dismissed on April 24, 2020 due to Claimant's failure to submit a compliant petition. (WCJ Pletcher's Decision, Finding of Fact (Pletcher FOF) ¶ 11.[3])

---

[3] Specifically, WCJ Pletcher found:

By correspondence dated February 12, 2020, the Supreme Court of Pennsylvania advised the parties, namely Claimant, that it received a Petition for Allowance of Appeal but that it was found to be defective and listed the corrections that shall be made by March 3, 2020. By February 28th, the Supreme Court again noted that if Claimant [did] not submit a fully compliant Petition for Allowance of Appeal by March 20, 2020, the case w[ould] be closed due to failure to perfect. By correspondence dated April 24, 2020, the Supreme Court advised that the matter was closed due to Claimant's failure to perfect.

(Pletcher FOF ¶ 11; *see also* Correspondence between Supreme Court and Claimant, Ex. D-01, Item 15 of the Certified Record.)

*B. Current Petition*

On April 3, 2020, Employer submitted a Petition to seek approval of a Compromise and Release Agreement (Compromise and Release Petition), a hearing on which was scheduled for May 4, 2020. (*Id.* ¶ 1.) Claimant's then-counsel (prior counsel) sought to withdraw as counsel on April 6, 2020, which WCJ Pletcher granted on the same date. (*Id.*) A second attorney (new counsel) entered his appearance on Claimant's behalf on April 13, 2020.

Claimant, without the knowledge of new counsel, filed the Petition on April 16, 2020, asserting he sustained an injury in the nature of "Sensory Nerve Damage, Contusion, Stiffness and CRPS" while working for Employer on March 16, 2016. (Petition at 1.[4]) Claimant avers he stopped working on September 27, 2017, and sought wage loss benefits, including from concurrent employment. (*Id.* at 2-3.) Employer filed an Answer, admitting that Claimant had sustained a right hand/wrist contusion at work on March 16, 2016, denying that any other injuries occurred that are causally related to his work, and asserting that Claimant had been adjudicated fully recovered from the contusion. (Answer at 1.[5]) Employer further denied the Petition's other material allegations, including that Claimant was entitled to any wage loss (or other) benefits related to the March 16, 2016 incident. (*Id.* at 2-4.) Employer maintained the Petition was an "effort[] to re[]litigate issues that have already been fully litigated and decidedly unfavorably for Claimant. The [] Petition should be barred on the basis of res judicata." (*Id.* at 3.) The Petition was assigned to WCJ Pletcher for disposition.

Thereafter, Employer requested that the Compromise and Release Petition be marked withdrawn as the parties no longer had a settlement, which WCJ Pletcher

[4] The Petition is found at Item 2 of the Certified Record.
[5] The Answer is found at Item 4 of the Certified Record.

5

granted on April 29, 2020. (Pletcher's FOF ¶ 4.) New counsel requested to withdraw, as he had been representing Claimant pro bono only as to the Compromise and Release, not the Petition, which Claimant confirmed at a May 4, 2020 hearing. (*Id.* ¶¶ 5-6.) WCJ Pletcher granted new counsel's request to withdraw. (*Id.* ¶ 6; Conclusion of Law (Pletcher COL) ¶ 2.)

### C. WCJ Pletcher's Decision

At a May 4, 2020 hearing, WCJ Pletcher reviewed the prior litigation of Claimant's March 16, 2016 work-related injury and stated he was bound by WCJ Harris's Decision as to whether Claimant suffered CRPS as part of that injury or suffered a wage loss, neither of which were appealed or otherwise reversed by any court. (Hr'g Tr. at 7-10.[6]) Claimant responded that he could not accept a settlement that was based on a contusion when he had suffered more serious injuries, for which he had medical support. (*Id.* at 11-12, 15.) Claimant further stated prior counsel misrepresented him and was supposed to appeal those determinations but had not. (*Id.* at 11.) WCJ Pletcher explained again he was bound by the prior determinations, which found that Claimant had not sustained a nerve injury and limited the work injury to a right hand/wrist contusion and Claimant's complaints related to prior counsel were not for WCJ Pletcher to hear. (*Id.* at 12.) Claimant stated, "I know that you can't change anything," but Claimant could not agree to the injury being described as a contusion. (*Id.* at 15-16.) Employer moved for WCJ Pletcher to deny and dismiss the Petition on the basis of res judicata and collateral estoppel. (*Id.* at 13.)

---

[6] The hearing transcript for the May 4, 2020 hearing is found at Item 13 of the Certified Record.

On May 6, 2020, WCJ Pletcher issued a decision that, after reviewing the prior litigation of Claimant's March 16, 2016 work injury, i.e., *Scavello I*, and the Petition's allegation, denied the Petition on the basis that it was barred by res judicata. In doing so, WCJ Pletcher noted that Claimant had previously filed, in *Scavello I*, a review petition alleging an incorrect description of his work injury and seeking to amend the description to include CRPS, the same injury Claimant sought to add in the current Petition. (Pletcher FOF ¶¶ 7-8.) WCJ Pletcher also indicated Claimant had filed, and then withdrew, claim and review petitions, alleging wage loss from concurrent employment in that prior litigation before WCJ Harris in *Scavello I*.[7] (*Id.* ¶ 8.) WCJ Pletcher found that WCJ Harris had rejected Claimant's

---

[7] Relevant to Claimant's claims of wage loss, WCJ Harris found:

FINDINGS OF FACT

. . . .

4. On March 2, 2017, [] Claimant filed a Petition to Review which alleged an incorrect Average Weekly Wage based on concurrent employment. This petition has now been withdrawn.

5. Also on March 2, 2017, [] Claimant filed a Claim Petition which alleged he was suffering wage loss because he had partial disability due to his concurrent employment. As the concurrent employment petition[] has been withdrawn, this petition shall also be marked withdrawn.

. . . .

CONCLUSIONS OF LAW

. . . .

4. [] Claimant has failed to prove by sufficient, competent, and credible evidence that he suffers any wage loss as a result of his injury.

5. The Claim Petition and Review Petitions concerning wage loss and concurrent employment are dismissed.

**(Footnote continued on next page…)**

attempt to expand the description of his work-related injury to include RSD or CRPS and Employer's attempt to terminate Claimant's benefits, and that only the latter finding was reversed by the Board, which noted that the claim and review petitions had been withdrawn. (*Id.* ¶¶ 8-9.) The Board's determination thereafter was affirmed by this Court in *Scavello I*, and Claimant's petition for allowance of appeal was dismissed by the Supreme Court on April 24, 2020. (*Id.* ¶¶ 10-11.)

> Based on this history, WCJ Pletcher found Employer had
>
> [a]cknowledged a medical[-]only injury and while there was litigation alleging wage loss, [WCJ] Harris specifically found that Claimant failed to prove he suffered any wage loss as a result of his injury and this was never appealed. Furthermore, Claimant's allegation of nerve injury/CRPS was previously litigated before [WCJ] Harris which was also denied. Finally, the appeal process established that Claimant was fully recovered from his work injury as of September 9, 2016.

(*Id.* ¶ 12.) WCJ Pletcher also concluded that the Petition, filed in April 2020 alleging an injury date of March 16, 2016, also was barred by the statute of limitations set forth in Section 315 of the Act. (*Id.*) Accordingly, WCJ Pletcher denied and dismissed the Petition. (*Id.* ¶ 13; Pletcher COL ¶ 3.)

*D. Board's Decision*

Claimant appealed WCJ Pletcher's Decision, arguing he was still receiving treatment for his right hand, which he related to the March 16, 2016 work injury, and his prior counsel misrepresented Claimant in the prior litigation. (Claimant's Appeal to the Board at 1.[8]) Claimant indicated he could not accept Employer's

---

(WCJ Harris's Decision, Findings of Fact ¶¶ 4-5, and Conclusions of Law ¶¶ 4-5, Ex. J-01, Item 16 of the Certified Record.)

[8] Claimant's Appeal to the Board is found at Item 6 of the Certified Record.

settlement offer "because the injury description is wrong. [He does not] have a Contusion. [He has] sensory nerve damage," and WCJ Pletcher should have fully reviewed the case. (*Id.*) Attached to his appeal were additional medical records, which Claimant asserted supported his claim of a work injury beyond a right hand contusion. Employer filed a Motion to Quash Claimant's appeal because it represented Claimant's "attempt to relitigate issues that have been thoroughly resolved in multiple rounds of litigation before" WCJs, the Board, and the Commonwealth Court. (Employer's Motion to Quash Appeal at 1.[9]) Employer further argued the appeal did not comply with the Board's regulation at 34 Pa. Code § 111.11(a) for a number of reasons.

Upon its review, the Board found no error in WCJ Pletcher's conclusion that the Petition was barred by res judicata because "the issues raised in [the] instant [] Petition were previously litigated and resolved before WCJ Harris," including findings that Claimant failed to prove that he suffered a wage loss due to the work injury or that he sustained CRPS, neither of which Claimant appealed. (Board Opinion (Op.) at 4-5.[10]) In contrast, the Board observed, Employer appealed WCJ Harris's denial of its termination petition, which was reversed by the Board and affirmed by this Court. (*Id.* at 5.) The Board reasoned that, at that time, it was finally "established that Claimant fully recovered from his March 16, 2016[] work injury, limited to a right hand contusion, as of September 9, 2016." (*Id.* at 5.) Because the current "Petition alleg[es] a March 16, 2016[] nerve injury/CRPS involv[ing] an issue already litigated and resolved" to final judgment in a matter involving the same parties, the Board upheld the application of res judicata and collateral estoppel to deny and dismiss the Petition. (*Id.* at 5-6.) The Board further held claim petitions

[9] Employer's Motion to Quash Appeal is found at Item 8 of the Certified Record.

[10] The Board's Decision is found at Item 9 of the Certified Record.

9

are required to be filed within three years of the date of the injury under Section 315 of the Act, and the April 16, 2020 Petition was untimely having been filed more than three years after the alleged date of injury, March 16, 2016.[11] (*Id.* at 4.) Claimant now petitions this Court for review.[12]

## II. DISCUSSION

### A. *Parties' Arguments*

Claimant relevantly argues[13] on appeal that WCJ Harris's finding that Employer did not establish Claimant's full recovery renders Employer liable for Claimant's work injuries, for which Claimant still receives treatment. (Claimant's Brief (Br.) at 3-4, 7.) Claimant asserts WCJ Harris's Decision on that point is binding and acts as res judicata. (*Id.* at 7.) As at the May 4, 2020 hearing, Claimant asserts he could not sign the Compromise and Release Agreement because it was

---

[11] It is unclear where Employer raised this issue; however, Claimant did not, and does not, argue that it was not properly raised.

[12] This Court's scope of review "is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Elberson v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 936 A.2d 1195, 1198 n.2 (Pa. Cmwlth. 2007).

[13] Claimant's brief focuses on the initial litigation of the March 16, 2016 injury, including the evidence presented therein, WCJ Harris's Decision, and this Court's opinion in *Scavello I*. He cites medical records he claims support his claim of an expanded injury from which he is not fully recovered. Claimant also alleges Employer has been negligent and treated him improperly, as well as his desire to settle his claims. As this Court is reviewing only the Board's Decision upholding WCJ Pletcher's Decision, we consider only those arguments that could possibly relate to the **present** petition for review challenging the Board's Decision in **this** matter. Further, to the extent Claimant cites extra-record evidence, the Court will not consider anything beyond that is contained the record certified to it by the Board. *See* Pennsylvania Rule of Appellate Procedure 1951(a), Pa.R.A.P. 1951(a) (The record below in proceedings on petition for review "shall consist of . . . (1) [t]he order or other determination of the government unit sought to be reviewed[;] (2) [t]he findings or report on which such order or other determination is based[; and] (3) [t]he pleadings, evidence and proceedings before the government unit."); *see also Brown v. Unemployment Comp. Bd. of Rev.*, 276 A.3d 322, 331 n.13 (Pa. 2022) ("It is well settled that this Court may not consider extra-record evidence that is not part of the certified record on appeal.") (citation omitted).

10

based on his work injury being a contusion, which it is not, and was not a fair settlement offer for the nerve injury that he had sustained. (*Id.* at 5.) Claimant requests, among other relief, that his case be remanded to WCJ "Harris for a full review." (*Id.* at 10.)

Employer argues the Board did not err in affirming WCJ Pletcher's denial and dismissal of the Petition on the bases of res judicata and collateral estoppel, as well as for being untimely. On the issue of res judicata and collateral estoppel, Employer asserts the Petition reflects Claimant's attempt to relitigate issues that were already decided before WCJ Harris and this Court in *Scavello I*. (Employer's Br. at 5-7.) On the issue of the Petition's timeliness, Employer contends there is no dispute the Petition was not filed within three years of March 16, 2016, and, therefore, is not timely under Section 315 of the Act. (*Id.* at 5.) Employer maintains there is no basis to reverse the Board where Claimant's constitutional rights were not violated because he received all the process he is due, the Board's Decision was in accordance with both Section 315 of the Act and precedent applying the doctrine of res judicata, and there has been no allegation that the findings of fact were not supported by substantial evidence. (*Id.* at 4-5.) Finally, Employer requests the Court to sanction Claimant for filing a frivolous appeal and repeatedly attempting to litigate his now-final WC claim, which reflects "dilatory, obdurate, and vexatious conduct," by ordering Claimant to pay Employer's attorney's fees and costs pursuant to Pennsylvania Rule of Appellate Procedure 2744, Pa.R.A.P. 2744 (Rule 2744). (Employer's Br. at 7-10.)

*B. Analysis*

We begin with whether the Board erred in affirming WCJ Pletcher's conclusion that res judicata barred the Petition or whether, as Claimant contends,

11

WCJ Harris's conclusion that Employer did not establish that Claimant was fully recovered and his ongoing treatment for CRPS requires reversal. This Court has described the doctrine of res judicata as follows:

> The doctrine of res judicata encompasses both technical res judicata and collateral estoppel. *Maranc v. Workers' Comp*[.] *Appeal B*[*d.*] *(Bienenfeld)*, 751 A.2d 1196, 1199 (Pa. Cmwlth. 2000). Collateral estoppel forecloses litigation of specific issues of law or fact that have been litigated and were necessary to a previous final judgment. *Id.* Technical res judicata forecloses litigation between the same parties on a cause of action that has already been resolved in a final judgment. *Id.* Generally, causes of action are identical when "the subject matter and ultimate issues are the same in both the old and new proceedings." *Id.* The doctrine of res judicata applies both to matters that were actually litigated and to matters that could have been litigated. *Id.*

*Cytemp Specialty Steel v. Workers' Comp. Appeal Bd. (Crisman)*, 39 A.3d 1028, 1034 (Pa. Cmwlth. 2012). Upon review of the Petition, the certified record, and the *Scavello I* litigation, we discern no error in the Board and WCJ Pletcher's determinations.

The Petition asserts that, on March 16, 2016, Claimant sustained work-related injuries to his hand and wrist in the nature of "Sensory Nerve Damage, Contusion, Stiffness and CRPS," which caused him a loss of earnings as of September 27, 2017. (Petition at 1-2.) As in the current Petition, Claimant averred in the review petition filed in the *Scavello I* litigation that his work-related injury included CRPS. (WCJ Harris's Decision, Finding of Fact ¶ 3.) Similarly, in the prior litigation, Claimant filed, and then withdrew, claims that he suffered a wage loss due to the work injury, albeit related only to his concurrent employment. (*Id.* ¶¶ 4-5.) WCJ Harris concluded Claimant had not established that he suffered a wage loss. (WCJ Harris's Decision, Conclusion of Law (Harris COL) ¶ 4.) The doctrine of res judicata bars

12

not only claims that were litigated but claims that could have been litigated. *Cytemp Specialty Steel*, 39 A.3d at 1034 (citing *Maranc*, 751 A.2d at 1199).

Accordingly, "the subject matter and ultimate issues," which are the nature and extent of Claimant's March 16, 2016 work injury and whether Claimant suffered a wage loss due to his work injury, were "the same in both the old and new proceedings." *Id.* (citing *Maranc*, 751 A.2d at 1199). Further, the resolution of these issues was necessary to the final judgment in the *Scavello I* litigation because they resulted in WCJ Harris denying Claimant's review petition (seeking to expand the injury) and dismissing the review and claim petitions (seeking to recover wage loss benefits from his concurrent employment). (Harris COL ¶ 5.)

This leaves the question of "final judgment" in the previous litigation. Claimant appears to assert that WCJ Harris's finding that Claimant was **not** fully recovered was the final, binding judgment, while simultaneously disregarding WCJ Harris's findings that Claimant did not establish an injury beyond the accepted right hand contusion or that he suffered a wage loss. (*Id.* ¶¶ 2-4.) However, because Claimant did **not** appeal WCJ Harris's Decision, **WCJ Harris's rejection** of Claimant's attempt to expand his work injuries to include CRPS and assert a wage loss **became final on those issues**. *See* Section 423 of the Act, 77 P.S. § 853 (providing 20 days to file an appeal to the Board from a WCJ's adjudication); *Pa. Tpk. Comm'n v. Workers' Comp. Appeal Bd. (Collins)*, 709 A.2d 460, 463-64 (Pa. Cmwlth. 1998) (holding issues not raised before the Board are waived). *See also Scavello I*, slip op. at 2 n.2, 7 n.5 (noting that Claimant's withdrawn claim and review petitions related to his concurrent employment were not before the Court, nor was the denial of the review petition seeking to expand the work injury due to Claimant's failure to appeal WCJ Harris's Decision).

13

Finally, Claimant continues to rely on WCJ Harris's finding that Employer had not established Claimant's full recovery from his work injury as if it was the final judgment on the status of Claimant's recovery. However, WCJ Harris's finding was **reversed** by the Board, and this reversal was **upheld** by this Court in *Scavello I*. Although Claimant attempted to file a petition for allowance of appeal with the Supreme Court, he never perfected that petition, and it was dismissed. Accordingly, this Court's affirmance of the Board's order in *Scavello I* is the final judgment on the issue of whether Claimant was fully recovered, which occurred as of September 9, 2016. Thus, the final judgments on the extent and nature of Claimant's March 16, 2016 work injury, whether he had recovered from that injury, and whether he sustained a loss of wages due to that injury, were all made against Claimant. **Those final judgments are binding and cannot be relitigated or challenged** even though Claimant disagrees with them. "Finality of litigation is essential so that parties may rely on judgments in ordering their private affairs and so that the moral force of court judgments will not be undermined." *Clark v. Troutman*, 502 A.2d 137, 139 (Pa. 1985). We acknowledge Claimant asserts a wage loss beginning September 27, 2017, but this alleged wage loss occurred **more than a year** after he was found to have fully recovered from the work-related injury, which was found, finally, to **have not caused any wage loss**. For these reasons, the Board did not err in affirming WCJ Pletcher's dismissal of Claimant's attempts to relitigate these same issues through the Petition on the basis of res judicata.

Even if res judicata did not bar the Petition, we discern no error in the conclusion that the Petition was untimely pursuant to Section 315 of the Act. Section 315 states, in pertinent part: "In cases of personal injury **all claims** for compensation **shall be forever barred, unless . . . within three years after the injury**, one of the

14

parties shall have filed a petition as provided" by the Act. 77 P.S. § 602 (emphasis added). Section 315 further provides: "Where, however, **payments of compensation have been made** in any case, said **limitations shall not take effect until the expiration of three years from the time of the making of the most recent payment** prior to date of filing such petition." *Id.* (emphasis added). Under the first provision, to be timely, the Petition had to have been filed by March 16, 2019, and it was not. Further, even if the second provision was to apply, to have been timely, the Petition had to have been filed by September 9, 2019, three years after the last date benefits arguably could have been paid because Claimant was found to have been fully recovered as of September 9, 2016, and it was not. Accordingly, there was no error in finding the Petition was untimely.

Having concluded there was no error in finding that the Petition is barred by res judicata and Section 315 of the Act, we turn to Employer's request for attorney's fees and costs pursuant to Rule 2744. That rule provides:

> In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
>
> > (1) a reasonable counsel fee and
> > (2) damages for delay at the rate of 6% per annum in addition to legal interest,
>
> if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

Pa.R.A.P. 2744. A frivolous appeal is "one in which 'no justifiable question has been presented and . . . [that] is readily recognizable as devoid of merit in that there

15

is little prospect of success.'" *Pa. Dep't of Transp. v. Workmen's Comp. Appeal Bd. (Tanner)*, 654 A.2d 3, 5 (Pa. Cmwlth. 1994) (quoting *Hewitt v. Commonwealth*, 541 A.2d 1183, 1184-85 (Pa. Cmwlth. 1988)). An appeal asking this Court to reassess credibility determinations and reweigh the evidence, which this Court lacks the authority to do, may be a frivolous appeal. *Bryn Mawr Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d 1244, 1256-57 (Pa. Cmwlth. 2019). "[V]exatious conduct" is conduct that is "without reasonable or probable cause or excuse; harassing; annoying." *MFW Wine Co., LLC v. Pa. Liquor Control Bd.*, 276 A.3d 1225, 1240 (Pa. Cmwlth. 2022) (internal citations and emphasis omitted). "[O]bdurate conduct" is that which is "stubbornly persistent in wrongdoing," and "[c]onduct is dilatory where the record demonstrates . . . a lack of diligence that delayed proceedings unnecessarily and caused additional legal work." *Id.* (internal citations and emphasis omitted).

While Employer's frustration with Claimant's filings is understandable, we are not persuaded that awarding attorney's fees and costs under Rule 2744 is warranted at this time. This appeal, and the corresponding appeal docketed at 1447 C.D. 2021, are the first instances where this Court is addressing Claimant's attempts to relitigate the claims raised, and rejected, in the *Scavello I* litigation. Under these circumstances, the Court declines to impose a sanction against Claimant and denies Employer's request. However, having now advised Claimant that claims relating to the nature and extent of his March 16, 2016 work injury and whether he suffered a wage loss related to that work injury have been finally resolved and cannot be

16

relitigated and are time barred, Claimant is cautioned that future attempts to do so may result in the imposition of the above-referenced fees and damages.[14]

## III. CONCLUSION

In summary, because the Petition attempts to relitigate issues against Employer that were finally decided in Employer's favor in the *Scavello I* litigation and was untimely under Section 315 of the Act, the Board did not err in affirming WCJ Pletcher's denial and dismissal of the Petition. Accordingly, we affirm the Board's Order.

_____

**RENÉE COHN JUBELIRER,** President Judge

---

[14] While the Supreme Court, in *Phillips v. Workmen's Compensation Appeal Board (Century Steel)*, 721 A.2d 1091, 1094 (Pa. 1999), held that attorney's fees under Rule 2744 may generally not be imposed against a claimant, *Phillips* left the door open for an award of attorney's fees under certain circumstances. In *Phillips*, an employer sought attorney's fees under Rule 2744, arguing the claimant's appeal challenging the credibility determinations made by the WCJ was frivolous. Although this Court granted the request, the Supreme Court reversed, holding that public policy provided claimants protection from the costs from litigation, but did not provide an employer similar protection. *Phillips*, 721 A.2d at 1094. As part of its reasoning, however, the Supreme Court acknowledged the employer's argument that attorney's fees could be awarded under Rule 2744 and *Patel v. Workmen's Compensation Appeal Board (Saquoit Fibers Company)*, 520 A.2d 525 (Pa. Cmwlth. 1990). *Phillips*, 721 A.2d at 1094 & n.3. The Supreme Court indicated the exception in *Patel*, which involved the award of attorney's fees against a claimant who had patently abused the appellate process by filing multiple claim petitions relating to the same injury and appealing each after the claims were rejected on the basis of res judicata, was a narrow one not implicated in *Phillips*. *Id.* (citing *Callahan v. Workmen's Comp. Appeal Bd. (Bethlehem Steel Corp.)*, 571 A.2d 1108, 1111 n.3 (Pa. Cmwlth. 1990). Subsequently, in *Smith v. Workers' Compensation Appeal Board (Consolidated Freightways)*, we explained the Supreme Court's discussion of *Patel* in *Phillips* recognized the availability of attorney's fees in circumstances like those in *Patel*. *Smith*, 111 A.3d 235, 238 (Pa. Cmwlth.) (per curiam) (citing *Phillips*, 721 A.2d at 1094 n.3), *petition for allowance of appeal denied*, 128 A.3d 730 (Pa. 2015). As the situation in *Smith* involved a claimant who repeatedly litigated and appealed the same claim over five times thereby implicating the defenses of res judicata and collateral estoppel, this Court held the imposition of attorney's fees under Rule 2744 was warranted pursuant to *Patel*. *Smith*, 111 A.3d at 238.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dave Scavello,                                      :
               Petitioner                      :
                                     :
              v.                                 :   No.  1499 C.D. 2021
                                       :
Wal-Mart Associates, Inc.                           :
(Workers' Compensation                              :
Appeal Board),                                      :
               Respondent                      :

# O R D E R

     **NOW**, June 20, 2023, the Order of the Workers' Compensation Appeal Board entered in the above-captioned matter is **AFFIRMED**.  Wal-Mart Associates, Inc.'s request for attorney's fees and costs pursuant to Pennsylvania Rule of Appellate Procedure 2744, Pa.R.A.P. 2744, is **DENIED**.

                                     _____

                                      **RENÉE COHN JUBELIRER,** President Judge